C. D. TAYLOR, IN BEHALF OF HIMSELF AND OTHER CREDITORS OF A. E. HAYES, v. A. E. HAYES AND WIFE AND F. M. AND F. W. RICHARDS.

(Filed 13 December, 1916.)

1. **Reference—Findings—Evidence—Appeal and Error.**

    Findings of fact of a referee, supported by legal evidence and affirmed by the Superior Court judge, are not reviewable on appeal.

2. **Appeal and Error—Insufficient Assignments—Court's Discretion.**

    The Supreme Court on appeal may consider, in its own discretion, assignments of error not set out in sufficient conformity with Rules of Court, 19 (2) and 27.

**3. Appeal and Error—Reference—Attachment—Nonresidents—Evidence.**

When levies in attachment are sought to be set aside on the ground that the debtor was not a nonresident of this State, as alleged, the findings of the referee that he was, at the time, a nonresident, having changed his place of residence to another State, supported by legal evidence and affirmed by the Superior Court, will not be disturbed on appeal.

**4. Attachments—Judgments—Liens—Homestead.**

Where there are levies in attachment against the land of a debtor who had, prior to the time, become a nonresident of this State, and there has been no lien by judgment thereon entitling him to his homestead, the property may be subjected to the payment of his debts.

**5. Reference—Contradictory Findings.**

The findings of the referee in this suit to set a deed aside as fraudulent against the grantor's creditors, with his conclusions in plaintiff's favor, are held not to be contradictory, or inconsistent with the matters alleged in the complaint.

CIVIL ACTION heard at July Term, 1916, of AVERY, by *Lane, J.,* upon report of referee and exceptions filed thereto by defendants. All of the exceptions were overruled and the report confirmed. Defendants excepted and, from judgment rendered, appealed, assigning error as follows:

1. That his Honor committed error in overruling defendants' exception No. 1.

2. That his Honor committed error in overruling defendants' exception No. 2.

3. That his Honor committed error in overruling defendants' exception No. 3.

4. That his Honor committed error in overruling defendants' exception No. 4.

5. That his Honor committed error in overruling defendants' exception No. 5.

6. That his Honor committed error in not sustaining defendants' motion to set aside and vacate the order of attachment heretofore issued in this cause on the ground that the defendant A. E. Hayes was not at the time of levying of the attachment, is not now, a nonresident of the State, but that he was then, is now, a resident of said State, and especially when it appears from the record made at the hearing before the referee that the said defendant A. E. Hayes, in his own proper person and through his counsel, moved to set aside and vacate said order of attachment on the ground above set forth, on which motion the referee made no ruling.

7. The prayer for relief in the complaint of C. D. Taylor being in the alternative, the referee concludes as a matter of law that the two

deeds executed by the defendants Hayes and wife to F. W. Richards are fraudulent and void, and at the same time concludes as a matter of law that F. W. Richards is a trustee for F. M. Richards, and his Honor committed error in overruling defendants' exception to the referee's tenth conclusion of law on the ground that such conclusion is in plain terms inconsistent with the relief prayed, and contradictory.

*Lowe & Lowe for plaintiffs.*
*T. L. Lowe and J. W. Ragland for defendants.*

BROWN, J.   This action, in the nature of a creditors' bill, is brought by the creditors of A. E. Hayes to subject certain lots of land in the town of Banner Elk to the payment of certain debts of said Hayes. The complaint alleges that the lots were conveyed by said Hayes and wife to F. W. Richards for the use and benefit and in trust for F. M. Richards, the brother of the grantee, and that said deeds were made for the purpose of hindering, delaying, and defrauding the creditors of the grantor Hayes.

The case was referred to a referee, who heard the cause and reported his findings of fact and conclusions of law.   After due consideration the court, *Lane, J.,* upon hearing the exceptions of defendants, adopted the findings of fact and conclusions of law and rendered judgment condemning the lots to be sold for the payment of the debts according to priority.

It is contended in plaintiff's brief that the first five assignments of error are insufficient and do not comply with Rule 19, subdivision 2, and Rule 27 of this Court.   This point seems to be well taken.   *Thompson v. R. R.,* 147 N. C., 412; *Lee v. Baird,* 146 N. C., 362.

However, in our discretion, we have looked into those assignments and are of opinion that they are without merit and must be overruled. They relate to findings of fact made by the referee and adopted by the Court, and as there is sufficient evidence to support such findings, they are binding on us.

The sixth assignment of error relates to the refusal of the court to vacate the attachment levied upon the property.   The referee finds that when the attachment was levied the debtor Hayes had left this State with no intention to return, that he was not a resident of this State, but had removed to the State of Texas and thence to the State of Washington.   There is abundant evidence to support such findings as made by the referee and adopted by the judge.   As no homestead had been allotted to the debtor Hayes at the time of the levy of the attachment and no judgments had been rendered and docketed against him constituting liens upon the land, he was not entitled to homestead,

and being then a nonresident, the property could be subjected to the payment of his debts.

The remaining assignment of error, the seventh, is likewise without credit.

The findings of fact are that the lots were conveyed to F. W. Richards for the benefit of and in trust for F. M. Richards; that the conveyances were made with intent and purpose to hinder, delay, and defraud the creditors of Hayes. We see nothing inconsistent in the referee's findings, and they appear to be supported by sufficient evidence. The conclusions of law naturally follow from the findings of fact.

The judgment of the Superior Court is
Affirmed.