## STATE v. TOMMY FLOYD.

### (Filed 3 November, 1954.)

APPEAL by defendant from *Fountain, S. J.,* June Term, 1954, of RANDOLPH.

Tommy Floyd, defendant, and Jody R. Floyd, his brother, were charged in one warrant with unlawful possession, transportation and possession for the purpose of sale of approximately 72 gallons of nontax-paid intoxicating liquor. Trial in Randolph County Recorder's Court resulted in defendant's conviction, and from judgment pronounced he appealed to Superior Court. There, after jury trial on original warrant, the verdict was "Guilty of possession and transportation of whiskey, as charged"; and judgment was pronounced thereon. Defendant excepted and appealed, and assigns errors.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Sam W. Miller for defendant, appellant.*

PER CURIAM. Appellant failed to file his brief in this Court within the time required by Rule 28, Rules of Practice in the Supreme Court, 233 N.C. 750-751. Thereupon, the Attorney-General moved that the appeal be dismissed and the judgment affirmed. Even so, he concedes frankly that he has not been inconvenienced by appellant's delay in filing his brief. But appellant's brief when filed did not comply with other provisions of Rule 28, including the following: "Such brief shall contain, properly numbered, the several grounds of exception and assignment of error with reference to printed pages of transcript, and the authorities relied on classified under each assignment . . ." 221 N.C. 562-563.

No error appears on the face of the record proper. Moreover, careful consideration of appellant's exceptive assignments of error fails to disclose prejudicial error; and the assignments are not such as to call for analysis and discussion. The issue was primarily one of fact, the jury's verdict being adverse to defendant.

Should the Attorney-General's motion be allowed? It matters not, for in either event the judgment of the court below must be affirmed. It is so ordered.

Affirmed.