STEDMAN B. SHEPARD, JR., v. LA GRANGE OIL & FUEL COMPANY.

(Filed 19 October, 1955.)

**1. Appeal and Error § 27—**

Where the several grounds of exception and assignment of error in appellant's brief mailed or delivered to appellee's counsel fail to refer to the pertinent pages of the transcript, appellee's motion to dismiss for failure to comply with the mandatory rule of court will be allowed. Rule 28, Rules of Practice in the Supreme Court.

**2. Appeal and Error § 23—**

The assignments of error should indicate the page of the trancript upon which the exception referred to is to be found. Rule 19 (3) and Rule 21 of the Rules of Practice in the Supreme Court.

APPEAL by plaintiff from *Sink, Emergency Judge,* May-June Term 1955 of NEW HANOVER.

Civil action to recover damages for personal injuries sustained in a motor vehicle collision.

The jury found by its verdict that the plaintiff was not injured by the negligence of the defendant, as alleged in the complaint. Whereupon judgment was entered that the plaintiff take nothing, from which judgment the plaintiff appealed, assigning error.

*Elbert A. Brown, W. K. Rhodes, Jr., and I. C. Wright for Plaintiff, Appellant.*
*James & James for Defendant, Appellee.*

PER CURIAM. The motion of the appellee to dismiss the appeal for the reason that in the copy of appellant's brief mailed or delivered to appellee's counsel within the time prescribed by Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, 562, the several grounds of exception and assignment of error had no reference to the pages of the transcript is allowed. This rule of court is mandatory, and will be enforced. *Bradshaw v. Stansberry,* 164 N.C. 356, 79 S.E. 302; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *S. v. Evans,* 237 N.C. 761, 75 S.E. 2d 919.

In the instant case there are twenty-two assignments of error, all of the same tenor, of which the following may be taken as typical: "Fifteenth assignment: His Honor erred in charging the jury as follows: 'The same rule applies to the driver of the car in which the plaintiff was riding.' Which error is the basis of the 20th Exception?" Where can the 20th Exception be found? This Court said in *Rawls· v. Lupton,* 193 N.C. 428, 137 S.E. 175: "We have frequently long records to read and re-read, and unless the statute is followed, and *seriatim* exceptions to the charge are made and numbered, with assignments of error numbered, and giving record page, it is tedious and burdensome to 'fish out' of the charge the numerous assignments of error." It would seem that the assignments of error do not comply with Rule 19 (3) and Rule 21 of Practice in this Court. *Taylor v. Hayes,* 172 N.C. 663, 90 S.E. 801; *Baker v. Clayton,* 202 N.C. 741, 164 S.E. 233. See also: *Lee v. Baird,* 146 N.C. 361, 59 S.E. 876.

Notwithstanding the condition of the record, we have examined the record and plaintiff's assignments of error—the course pursued in *Taylor v. Hayes, supra*—and have discovered no valid reason for disturbing the judgment of the Superior Court. The plaintiff has not successfully carried the burden of showing prejudicial error amounting to the denial of some substantial right. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657.

Appeal dismissed.