STATE OF NORTH CAROLINA v. PLATT WALKER HENRY.

(Filed 12 June 1968.)

Criminal Law § 148—

An appeal from an order allowing the solicitor's motion for a change of venue and denying defendant's petition for an order requiring the State Bureau of Investigation to make available to defense counsel certain written statements relating to the case is premature and will be dismissed by the court *ex mero motu*, there being no provision for an appeal as a matter of right from interlocutory orders in criminal actions. G.S. 7A-27.

APPEAL by defendant from order of *McConnell, J.*, January 1968 Session ANSON Superior Court.

At the January 1968 Session of Anson Superior Court, defendant was indicted for felonious assault. Prior thereto, defendant was given a preliminary hearing in the Anson County Criminal Court. Thereafter, defendant's attorney petitioned Judge McConnell to enter an order requiring the State Bureau of Investigation to make available to defendant's counsel certain written statements said Bureau had obtained from various persons.

After the defendant was indicted by the grand jury, the solicitor moved for change of venue and filed affidavits of several persons stating that in their opinion the State could not get a fair trial in Anson County.

Judge McConnell ordered the case removed to Richmond County for trial and denied defendant's petition pertaining to SBI records. Defendant appealed to this Court.

*T. W. Bruton, Attorney General, by Harry W. McGalliard, Deputy Attorney General, for the State.*
*E. A. Hightower, Attorney for defendant appellant.*

BRITT, J.  Article 5 of Chapter 7A of the General Statutes deals with jurisdiction of the Court of Appeals. Pertinent portions of G.S. 7A-27 are as follows:

"Appeals of right from the courts of the trial divisions. —
* * *

"(b)  From any *final judgment* of a superior court, other than one described in subsection (a) of this section or one entered in a post-conviction hearing under article 22 of chapter 15, including any final judgment entered upon review of a decision of an administrative agency, appeal lies of right to the Court of Appeals." (Emphasis added.)

Subsection (d) permits appeals from certain interlocutory orders

in civil actions or proceedings, but there is no provision for an appeal as a matter of right from interlocutory orders in criminal actions.

In his oral argument, defense counsel indicated that *State v. Moore,* 258 N.C. 300, 128 S.E. 2d 563, was his authority for appealing. *State v. Moore* is distinguishable for the reason that it was before the Supreme Court pursuant to petition for *certiorari,* and the further reason that it was decided prior to the enactment of G.S. 7A-27 by the 1967 General Assembly.

This Court *ex mero motu* holds that an appeal in this case was premature and should be dismissed.

Appeal dismissed.

CAMPBELL and MORRIS, JJ., concur.