STATE OF NORTH CAROLINA v. STEVE LANCE.

(Filed 10 July 1968.)

**1. Criminal Law § 17—**

Defendant's contention that the State was thereafter barred from prosecuting him on three bills of indictment because the State authorities had voluntarily released him at one time to the custody of a United States Marshal in connection with a federal warrant charging violation of a federal offense, *is held* meritless.

**2. Criminal Law § 148—**

There is no appeal as a matter of right from interlocutory orders in criminal cases, G.S. 7A-27, and defendant's attempted appeal as a matter of right from an order denying his motion to quash will be dismissed as premature.

APPEAL by defendant from *Jackson, J.,* 11 March 1968 Session of HENDERSON County Superior Court.

At the October 1967 Session of Superior Court of Henderson County the Grand Jury returned true bills of indictment charging

defendant in one of the bills with the felony of assault with intent to commit rape, and in the other with the misdemeanor of assault on a female.

On 13 October 1967 defendant signed an affidavit of indigency, and the Court found that he was an indigent and appointed B. B. Massagee, Jr., to serve as counsel for him.

On 13 December 1967 a warrant was issued charging defendant with the crime of escape. Defendant was being held in jail in lieu of a $10,000 bond for his appearance on a felony charge prior to the escape.

On 9 January 1968 defendant filed a "Motion to Squash *(sic)* and Dismiss" all charges pending against him. In this motion defendant asserts in substance that the State did knowingly forfeit and surrender all rights and jurisdiction in all cases pending against him by releasing the petitioner to the custody of a United States Marshal.

At the February 1968 Session of Superior Court of Henderson County the Grand Jury returned a bill of indictment charging the defendant with the crime of escape from the Henderson County Jail on 13 December 1967.

On 11 March 1968 Judge Jackson, after a hearing at which the defendant was present and represented by court-appointed counsel, issued an order denying the motion, and the defendant appealed to the Court of Appeals.

*Attorney General Thomas Wade Bruton and Staff Attorney Jacob L. Safron for the State.*

*Boyd B. Massagee, Jr., for the defendant.*

MALLARD, C.J.  The evidence taken at the hearing of defendant's motion to quash the bills of indictment and dismiss the charges against him tends to show that on 13 December 1967 the defendant escaped while he was in the Henderson County Jail awaiting trial on the felony and misdemeanor charge. On 14 December 1967 a Deputy United States Marshal took the defendant into custody from the Sheriff of Transylvania County, with the consent of a representative of the Sheriff of Henderson County, on a Federal warrant charging the defendant with a violation of the National Motor Vehicle Theft Act.

Defendant contends that under these circumstances the State was on the date of the hearing of his motion in March 1968 barred from prosecuting the defendant on three bills of indictment because the State authorities had voluntarily released him to the custody of the Federal authorities. The defendant cites no authority to sustain this contention, and we have found none.

The defendant in this case attempts to appeal as a matter of right from the order denying his motion to quash and dismiss. In G.S. 7A-27 there is no provision for an appeal as a matter of right from interlocutory orders in criminal cases. *State v. Henry*, 1 N.C.-App. 409. In fairness to his court-appointed lawyer, it should be noted that the defendant prepared his own "Notice of Appeal."

The appeal in this case was premature and should be, and it is Dismissed.

BROCK and PARKER, JJ., concur.