STATE OF NORTH CAROLINA v. HILLARD ELMER SMITH

No. 6925SC52

(Filed 30 April 1969)

**Criminal Law § 148—　orders appealable — interlocutory order**

　An appeal from an order denying defendant's motion to dismiss the bill of indictment on the ground that he was deprived of his constitutional right to a speedy trial *is held* an appeal from an interlocutory order and will be dismissed. G.S. 7A-27.

APPEAL by defendant from *Anglin, J.,* 5 August 1968 Mixed Session of Superior Court of CATAWBA County.

The defendant on 6 August 1968, upon the call for trial of six cases in each of which he is charged in a bill of indictment with the crimes of forgery and uttering a forged instrument, requested the trial court to pass upon his written motion filed 24 May 1968 to dismiss the charges against him. The substance of defendant's motion is stated by him as follows:

　"In view that these detainers were placed against the defendant in 1966 and the State of North Carolina did nothing to gain his custody and went on to deny his petitions for a speedy trial the defendant is entitled to a dismissal of the charges which he has now been indicted and returned for trial only to have this trial put off again because of an order by the Federal District Court."

After hearing the motion, the trial judge entered an order denying the motion to dismiss after making findings of fact and conclusions of law as follows:

　"Upon proofs received and from the records proper, the court makes the following

### FINDINGS OF FACT:

1. On 30 January 1966 the defendant, Hillard Elmer Smith, escaped from a jail in the State of Virginia.

2. On 3 May 1966 the clerk of the Municipal Court of Hickory, North Carolina issued a fugitive warrant against the defendant for an alleged breaking and entering in the State of Virginia.

3. On 24 May 1966 six warrants were issued against the defendant by the Municipal City Court of Hickory, North Carolina, each charging that the defendant forged and uttered a check on 29 April 1966 in Catawba County, North Carolina.

4.  On 11 July 1966 the defendant was tried and convicted in the State of Virginia for the escape on 30 January 1966 and was sentenced to six months' imprisonment.

5.  On 3 October 1966 the defendant was tried and convicted in the State of Virginia for breaking and entering and was sentenced to five years' imprisonment in the Virginia State Penitentiary.

6.  On 6 October 1966 the defendant was received in the Virginia State Penitentiary to serve said five-year sentence for breaking and entering, at which time he learned that there were six forgery cases pending against him in the State of North Carolina.

7.  On 11 October 1966 the Virginia Department of Welfare and Institutions acknowledged receiving from the Hickory, North Carolina Police Department six detainer warrants against defendant charging forgery.

8.  In April 1967 the defendant escaped from the Virginia Penitentiary and was tried and convicted in April 1968 for such escape and sentenced to six months' imprisonment.

9.  On 30 October 1967 the defendant verified a 'Motion for a Public and Speedy Trial or . . . Dismissal of Detainer Warrants,' which motion was forwarded to and received by the Hickory, North Carolina Police Department.

10.  Prior to 17 January 1968 a Petition for Writ of Mandamus was filed by the defendant with the Court of Appeals of North Carolina and on that date the Court of Appeals issued an Order denying the Petition.

11.  On 6 February 1968 an appeal from the denial of the Writ of Mandamus by the Court of Appeals was denied by Order of the Supreme Court of North Carolina.

12.  On 26 March 1968 a 'Certificate' was issued by the Superior Court Judge holding courts in the Twenty-fifth Judicial District, including Catawba County, North Carolina, for the return of the defendant from the Virginia State Penitentiary to North Carolina for trial in the Superior Court of Catawba County on said six forgery cases.

13.  On 2 April 1968 bills of indictment were returned by the Catawba County, North Carolina grand jury, each charging the defendant with forgery and uttering a forged check.

14.  At the April 1968 Session of the Superior Court of Catawba

STATE *v.* SMITH

County, 'upon the call of the case for trial,' defendant made an affidavit dated 9 April 1968 requesting the appointment of counsel. Honorable William Chamblee was appointed forthwith by the presiding judge as defendant's counsel in said six cases. On 12 April 1968 the cases were continued by order of the court until the next session 'because of the length of the calendar and this being a recent case.'

15. On 24 May 1968 the defendant filed, in the Superior Court of Catawba County, North Carolina, a motion to dismiss the cases pending against him in that court.

16. The defendant has suffered no serious prejudice because of the lapse of time and in returning him to North Carolina and in calling said cases against him for trial.

Upon the foregoing Findings of Fact, the Court arrives at the following

CONCLUSIONS OF LAW

That the defendant has not been deprived of any constitutional right to a speedy trial and that his motion to dismiss the cases should be denied.

THEREFORE, the court ORDERS AND ADJUDGES that the defendant's motion to dismiss said cases against him be and hereby is denied."

From the entry of this order, the defendant appeals to the Court of Appeals.

*Attorney General Robert Morgan and Assistant Attorney General Bernard A. Harrell for the State.*

*William H. Chamblee for the defendant appellant.*

MALLARD, C.J.

The Attorney General moves to dismiss the defendant's appeal on the grounds that under the provisions of G.S. 7A-27 there is no appeal as a matter of right from interlocutory orders in a criminal case.

In *State v. Henry,* 1 N.C. App. 409, Judge Britt, speaking for the Court, said:

"Article 5 of Chapter 7A of the General Statutes deals with jurisdiction of the Court of Appeals. Pertinent portions of G.S. 7A-27 are as follows:

'Appeals of right from the courts of the trial divisions.— * * *

'(b)   From any *final judgment* of a superior court, other than one described in subsection (a) of this section or one entered in a post-conviction hearing under article 22 of Chapter 15, including any final judgment entered upon review of a decision of an administrative agency, appeal lies of right to the Court of Appeals.' (Emphasis added.)

Subsection (d) permits appeals from certain interlocutory orders in civil actions or proceedings, but there is no provision for an appeal as a matter of right from interlocutory orders in criminal actions."

This Court also said in *State v. Lance*, 1 N.C. App. 620:

"The defendant in this case attempts to appeal as a matter of right from the order denying his motion to quash and dismiss. In G.S. 7A-27 there is no provision for an appeal as a matter of right from interlocutory orders in criminal cases."

The denial of the defendant's motion to dismiss the charges contained in the bills of indictment is an interlocutory order. From the entry of such an order under the circumstances of this case, there is no appeal as a matter of right. The Attorney General contends in his brief that the Court should dismiss this action and also foreclose it on its merits.

Since we are of the opinion that the attempted appeal should be dismissed, we do not deem it appropriate to consider the matter on its merits. The attempted appeal is therefore dismissed, and the Superior Court should proceed to try the defendant upon the bills of indictment.

Appeal dismissed.

BRITT and PARKER, JJ., concur.