STATE OF NORTH CAROLINA v. CHARLIE LENTZ

No. 6921SC221

(Filed 18 June 1969)

**Criminal Law §§ 17, 148— orders appealable — federal habeas corpus proceeding — superior court**

Where federal district court, upon petition for writ of habeas corpus, orders that the state superior court afford petitioner a hearing as to the voluntariness of incriminating statements introduced at petitioner's trial, no appeal lies from an order of the superior court concluding that the statements were voluntarily and understandingly made, since the order of the superior court was ancillary to the federal habeas corpus proceeding and was not a final order within the purview of G.S. 7A-27.

APPEAL from *Bailey, J.,* 13 December 1968 Session, Superior Court of FORSYTH.

Defendant was tried in the Superior Court of Forsyth County at the 10 October 1966 Criminal Session on an indictment charging robbery with firearms. He entered a plea of not guilty through his court-appointed counsel Clyde Randolph, Jr. He was found by the jury guilty as charged. From judgment thereon of not less than 12 nor more than 20 years imprisonment, he appealed to the Supreme Court of North Carolina. The conviction was upheld. *State v. Lentz,* 270 N.C. 122, 153 S.E. 2d 864. Petition for certiorari to the United States Supreme Court was denied on 9 October 1967. 389 U.S. 866, 88 S. Ct. 133, 19 L. Ed. 2d 139. On 31 July 1968 defendant filed a petition for writ of habeas corpus in the United States District Court for the Middle District of North Carolina, alleging that at his trial testimony as to certain exculpatory statements of defendant was admitted into evidence without evidence from which a knowing and intelligent waiver of his constitutional right against self-incrimination prior to the alleged exculpatory statement could be inferred. On 26 November 1968, Judge Gordon ordered "that unless the State of North Carolina affords the petitioner a hearing on the issue of voluntariness or a new trial by the 1st day of April, 1969, an order will be entered adjudging the petitioner entitled to his release and the writ of habeas corpus prayed for will issue." On 13 December 1968, Judge Bailey conducted a hearing to determine the voluntariness of the statements allegedly made. After hearing the evidence, Judge Bailey found facts and concluded that the statements made by defendant to the officer were freely, understandingly and voluntarily made and that none of defendant's constitutional rights were violated or denied by reason of the taking of the statement or its admission in evidence. On 8 January 1969 Judge Gordon entered an

order denying the petition for a writ of habeas corpus. From the order of Judge Bailey, defendant appealed, and the court appointed counsel to represent him, directing Forsyth County to furnish him a transcript of the proceedings at the expense of the county and also ordered the county to pay the costs of mimeographing the record and defendant's brief.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Trial Attorney Eugene A. Smith for the State.*

*Randolph and Drum by Clyde C. Randolph, Jr., for defendant appellant.*

MORRIS, J.

The preliminary order of Judge Gordon in the habeas corpus proceeding contained the following:

"III. *Relief*

*Jackson v. Denno (supra)* makes it clear that a full new trial is not required; a hearing in the State Court on the issue of voluntariness suffices. 378 U.S. at 394, 84 S. Ct. at 1792, 12 L. ed. 2d at 925, 926. See, also, *Sims v. State of Georgia,* 385 U.S. 538, 87 S. Ct. 639, 17 L. ed. 2d 593 (1967); *Williams v. Beto,* 5 Cir., 386 F. 2d 16 (1967); *Burns v. Beto,* 5 Cir., 371 F. 2d 598 (1966); *Boles v. Stevenson,* 379 U.S. 43, 85 S. Ct. 174, 13 L. ed. 2d 109 (1964).

If, at this hearing, the State Court should find the exculpatory statement to have been untainted and voluntary, Charlie Lentz will have suffered no prejudice by the fact that the jury which convicted him had the statement before it and his conviction will stand. If, on the other hand, the Court should find that the statement was coerced and involuntary, there will have to be a new trial with the offensive statement excluded.

It is both practical and desirable that a proper determination of voluntariness be made prior to the admission of an exculpatory statement to the jury which is adjudicating guilt or innocence. 'But as to (Lentz), who has already been convicted and now seeks collateral relief, the court cannot say that the Constitution requires a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at the trial is fairly determined to be voluntary.' *Jackson v. Denno (supra).*

## O R D E R

Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that unless the State of North Carolina affords the petitioner a hearing on the issue of voluntariness or a new trial by the 1st day of April, 1969, an order will be entered adjudging the petitioner entitled to his release and the writ of habeas corpus prayed for will issue.

IT IS FURTHER ORDERED that the Clerk of Court forward certified copies of this Order and the Memorandum Opinion to counsel for the petitioner and the Attorney General of the State of North Carolina.

/s/ EUGENE A. GORDON
United States District Judge

November 26, 1968"

The order of Judge Gordon entered 8 January 1969 is as follows:

"On July 31, 1968, the petitioner Charlie Lentz, a State Court petitioner, through counsel filed a petition for a writ of habeas corpus. The petitioner alleges that he was tried during the October 1966 Term of the Superior Court of Forsyth County on a charge of robbery with firearms, and sentenced to imprisonment for a term of not less than twelve nor more than twenty years; that he was denied due process of law due to the fact that the trial Judge failed to conduct a preliminary examination to determine the voluntariness of petitioner's exculpatory statement made to Detective E. G. Cook.

On November 27, 1968, a Memorandum Opinion and Order were filed whereby it was ordered that unless a hearing on the issue of voluntariness or a new trial was afforded the petitioner by April 1, 1969, the petitioner was entitled to release from confinement.

It has now been certified to the Court that on Friday, December 13, 1968, the petitioner appeared before the Superior Court of Forsyth County for a hearing to determine the voluntariness of the statement made by the defendant to Officer Cook. A hearing was held before the Honorable James H. Pou Bailey, Judge of the Superior Court, and by order entered December 13, 1968, it was found that the statement made to Officer Cook by the petitioner was freely, understandingly, and voluntarily made and that the constitutional rights of the petitioner were not violated or denied by the reason of the taking of the statement or its admission in evidence. The defendant was represented at the hearing by his attorney, Clyde C. Randolph, Jr. By reason of

the fact that the petitioner has now been afforded the relief ordered, the respondent, State of North Carolina, is entitled to have the petition for a writ of habeas corpus denied.

## ORDER

For the reasons stated, IT IS ORDERED that the petition of Charlie Lentz, the petitioner herein, for a writ of habeas corpus be, and the same hereby is denied.

IT IS FURTHER ORDERED that the Clerk forthwith send one certified copy of this Memorandum and Order to counsel for the petitioner, one certified copy to the petitioner at his place of confinement, and two certified copies to the Attorney General of the State of North Carolina."

Defendant assigns as error Judge Bailey's finding of fact that defendant knew he had a right to an attorney and could not be forced to answer questions of the officer and the determination that the statement was freely, understandingly, and voluntarily made.

We do not perceive that defendant has any standing to appeal from Judge Bailey's order. Pursuant to the terms of an order of the Federal District Court, the Superior Court of Forsyth County afforded defendant a hearing. Upon the evidence offered at that hearing Judge Bailey found facts and made a determination, all in accord with Judge Gordon's order. Thereupon, the Federal District Court denied the relief sought therein by way of petition for habeas corpus, saying: "By reason of the fact that the petitioner has now been afforded the relief ordered, the respondent, State of North Carolina, is entitled to have the petition for a writ of habeas corpus denied." Judge Bailey's order was ancillary to the habeas corpus proceedings in the Federal District Court and is not a final order of the Superior Court within the purview of G.S. 7A-27. Defendant's remedy, if any he has, is not by way of appeal to this Court.

Appeal dismissed.

CAMPBELL and BRITT, JJ., concur.