STATE OF NORTH CAROLINA v. WILLIAM WINSTON BLACK

No. 7022SC73

(Filed 25 February 1970)

**1. Criminal Law § 161—— exceptions —— form and sufficiency**

　　Exceptions which appear nowhere in the record except under the assignments of error are insufficient to present for review the questions sought to be presented.

**2. Criminal Law §§ 161, 166—— exceptions and assignments of error —— the brief**

　　Exceptions and assignments of error not set out in the brief and properly numbered with reference to the printed record as required by Rule of Practice in the Court of Appeals No. 28 are ineffectual.

**3. Criminal Law § 166—— the brief —— failure to file on time —— copy to Attorney General**

　　Failure of defendant to file his brief in the Court of Appeals within the time allowed, and his failure to deliver or mail a copy of his brief to the Attorney General on the same date the brief was filed in the Court, will subject the appeal to dismissal. Court of Appeals Rules of Practice Nos. 28 and 29.

**4. Appeal and Error § 1—— rules of appellate practice and procedure —— authority of Supreme Court**

　　The Supreme Court has exclusive authority to make rules of procedure

and practice for the Appellate Division of the General Court of Justice, N. C. Constitution, Art. IV, § 11; pursuant to this authority the Supreme Court has prescribed, approved, and adopted the Rules of Practice in the Court of Appeals.

**5. Criminal Law § 146— mandatory rules**

The Rules of the Court of Appeals are mandatory and not directory.

**6. Appeal and Error § 6; Criminal Law § 148— right of appeal — final judgment**

For all practical purposes there is an unlimited right of appeal to the Appellate Division of the General Court of Justice from any final judgment of the superior court or the district court in civil and criminal cases.

**7. Criminal Law § 148— orders appealable — interlocutory order — denial of motion to dismiss**

An appeal from an order denying defendant's motion to dismiss the warrants on the ground that he was denied the right to a speedy trial and from an order of the superior court remanding the cases to a recorder's court, *is held* an appeal from interlocutory orders when the defendant has not been tried on the charges against him; and the appeal is subject to dismissal by the Court of Appeals.

**8. Criminal Law § 148— interlocutory order — appeal as a matter of right**

In a criminal case there is no provision in G.S. 7A-27 for an appeal to the Court of Appeals as a matter of right from an interlocutory order entered therein.

**9. Criminal Law § 146— right to appeal — compliance with rules — dismissal of appeal**

In order to preserve the right to appellate review, one must comply with the applicable rules; and upon a failure to do so, the appeal may be dismissed as provided in Rule 48 of the Rules of Practice in the Court of Appeals.

APPEAL by defendant from *Armstrong, J.,* August 1969 Session of Superior Court held in IREDELL County.

The defendant was charged on 22 September 1967 in three warrants with (1) carrying a concealed weapon, (2) driving while under the influence of liquor, and (3) unlawful transportation of liquor. The warrants issued from the Mooresville Recorder's Court. The following motion, without caption or title, appears in the record immediately after the warrant charging the defendant with the unlawful transportation of intoxicating liquor:

"MOTION FOR JURY TRIAL IN RECORDER'S COURT

The undersigned attorney for the defendant, William Winston

Black, does hereby move the court that the above entitled matter be tried by jury in the Mooresville Recorder's Court.

This the 2nd day of November, 1967.

> COLLIER, HARRIS & COLLIER
> By:   s/ T. C. Homesley, Jr.
> Attorney for Defendant"

Chapter 38 of the Session Laws of 1969, effective upon its ratification on 6 March 1969, amends Chapter 613 of the Public-Local Laws, Regular Session, 1913, relating to the Recorder's Court at Mooresville, Iredell County, by providing that "(w)hen any person shall request a trial by jury, the case shall automatically be transferred to the Superior Court of Iredell County for trial." No provision was made therein relating to pending actions.

The record does not reveal why this case was transferred to the Superior Court of Iredell County from the Mooresville Recorder's Court other than the following which appears under the heading of "Statement of Case on Appeal": "As a result of the 1969 amendment to Chapter 613 of the Public-Local Laws, these cases were transferred from the Mooresville Recorder's Court to the Iredell County Superior Court for trial."

When the case came on to be heard in superior court, the defendant made a "Motion to Dismiss the Charges." The first basis asserted in support of such motion was that the defendant had been denied his right to a speedy trial. The second basis asserted in support of such motion was that the Superior Court of Iredell County lacked jurisdiction.

From a denial of the motion to dismiss, and remanding the cases "to the Mooresville Recorder's Court for disposition as provided by law," the defendant gave notice of appeal to the Court of Appeals.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Collier, Harris & Homesley by T. C. Homesley for defendant appellant.*

MALLARD, C.J.

On this record it can be questioned whether the defendant has properly moved for a jury trial in all three of the cases against him. The answer seems to depend upon the interpretation of the words "above entitled matter" as used in the motion.

The defendant is not an indigent and is now and has been represented by privately employed counsel.

**[1]**   The only exceptions in the record appear under the assignments of error. This is not sufficient to present for review the questions sought to be presented. 1 Strong, N.C. Index 2d, Appeal and Error, § 24; see also *State v. Hewett*, 270 N.C. 348, 154 S.E. 2d 476 (1967).

**[2]**   The exceptions and assignments of error are not set out in the brief and properly numbered with reference to the printed record as required by Rule 28 of the Rules of Practice in the Court of Appeals of North Carolina. See *State v. Newton*, 207 N.C. 323, 177 S.E. 184 (1934). A failure to comply with this rule also results in a failure to present for review the questions sought to be presented. *Shepard v. Oil & Fuel Co.*, 242 N.C. 762, 89 S.E. 2d 464 (1955); *State v. Floyd*, 241 N.C. 79, 84 S.E. 2d 299 (1954).

**[3]**   Defendant's brief, under Rule 28, should have been filed by noon on 20 January 1970. It was not filed until 21 January 1970. On 22 January 1970 the Attorney General filed a motion to dismiss defendant's appeal for failure to file the brief on time and also for failure of the defendant to deliver or mail to the office of the Attorney General a copy of the defendant's brief on the same date it was filed, as required by Rule 28. The Attorney General's brief, under Rule 29, was due to be filed by noon of 27 January 1970. Defendant admits in his response to the Attorney General's motion that "due to an oversight" on the part of his attorney, he did not send the Attorney General a copy of his brief until 26 January 1970.

**[4, 5]**   The Supreme Court of North Carolina has exclusive authority to make rules of procedure and practice for the Appellate Division of the General Court of Justice. N. C. Constitution, Article IV, § 11. Pursuant to this authority the Supreme Court has prescribed, approved, and adopted the Rules of Practice in the Court of Appeals of North Carolina. See 1969 Supplement to the Appendix appearing in Volume 4A of the General Statutes of North Carolina. These rules are mandatory and not directory. *Cudworth v. Insurance Co.*, 243 N.C. 584, 91 S.E. 2d 580 (1956); *State v. Moore*, 210 N.C. 686, 188 S.E. 421 (1936).

**[6]**   For all practical purposes there is an unlimited right of appeal in North Carolina to the Appellate Division of the General Court of Justice from any final judgment of the superior court or the district court in civil and criminal cases. G.S. 7A-27. In civil actions there is also an appeal from certain interlocutory orders or

judgments of the superior court or district court as is provided in G.S. 7A-27(d).

**[7, 8]**    The defendant has not been tried on the three charges pending against him. The appeal is therefore not from a final judgment on the warrants but is from interlocutory orders. In a criminal case there is no provision in the statute for an appeal to the Court of Appeals as a matter of right from an interlocutory order entered therein. G.S. 7A-27; *State v. Lentz,* 5 N.C. App. 177, 167 S.E. 2d 887 (1969); *State v. Lance,* 1 N.C. App. 620, 162 S.E. 2d 154 (1968); *State·v. Henry,* 1 N.C. App. 409, 161 S.E. 2d 622 (1968). In the case of *State v. Smith,* 4 N.C. App. 491, 166 S.E. 2d 870 (1969), an appeal from an order denying defendant's motion to dismiss a bill of indictment against him on the ground that he was deprived of his constitutional right to a speedy trial was held to be an appeal from an interlocutory order, and the appeal was dismissed.

In this case the defendant attempts to appeal from the order denying his motion to dismiss on the ground that he was denied the right to a speedy trial. He also attempts to appeal from the order remanding the cases to the Mooresville Recorder's Court. Both of these orders are interlocutory orders, and this appeal is therefore subject to dismissal.

**[9]**    The right to appeal must be exercised in accordance with the established rules of practice and procedure. *State v. Moore, supra; Wolfe v. North Carolina,* 364 U.S. 177, 4 L. Ed. 2d 1650, 80 S. Ct. 1482. In order to preserve the right to appellate review, one must comply with the applicable rules; and upon a failure to do so, the appeal may be dismissed as provided in Rule 48 of the Rules of Practice in the Court of Appeals.

As hereinabove set out, the appellant has failed to comply with the Rules of Practice in this Court. However, we have examined the record and find no valid reason for disturbing the order of Judge Armstrong in denying defendant's motion to dismiss and remanding the cases to the Mooresville Recorder's Court for disposition as provided by law. See *State v. Rooks,* 207 N.C. 275, 176 S.E. 752 (1934). Neither do we find any valid reason for treating defendant's appeal as a petition for a writ of *certiorari* as requested in his response to the Attorney General's motion to dismiss.

The defendant has failed to comply with the rules, and the attempted appeal is premature. For these reasons, the appeal should be dismissed.

Appeal dismissed.

MORRIS and VAUGHN, JJ., concur.