State v. Bryant

---

STATE OF NORTH CAROLINA v. JOE BRYANT, JOHN KNOLL, DON CHILDS AND B. R. QUEEN

No. 7110SC660

(Filed 20 October 1971)

1. **Criminal Law § 148; Obscenity— appeal from interlocutory order — preliminary determination of obscenity**

    An order entered at the conclusion of a preliminary adversary hearing to determine whether materials seized from defendants were obscene and lawfully retained by the State as evidence pending trial of defendants for disseminating obscenity is an interlocutory order which is not appealable. G.S. 7A-27(d); G.S. 15-180.

2. **Criminal Law § 84; Obscenity— preliminary determination of obscenity — constitutionality**

    Defendants' rights under the First and Fourteenth Amendments to the United States Constitution were not violated by an adversary hearing to determine preliminarily which materials seized from defendants were obscene and should be retained by the State as evidence

pending trial of defendants for disseminating obscenity and which materials were not obscene and should be returned to defendants.

APPEAL by defendants from *Clark, Judge,* May 1971 Session of Superior Court of WAKE County.

On 18 May 1971 officers of the Raleigh City Police Department served the defendants Joe Bryant, John Knoll, Don Childs, and B. R. Queen with arrest warrants charging the sale of certain named magazines and books alleged to be obscene in violation of G.S. 14-189.1. In making service of the arrest warrants, materials on the premises of three Raleigh bookstores were seized. No search warrant was issued in connection with said seizure, but the seizure was carried out in connection with the arrest of defendants pursuant to the arrest warrants.

The State moved that an adversary proceeding to determine preliminarily the obscenity of the materials held was necessary in order to afford the defendants due process in the further retention of the seized materials. This preliminary judicial determination, *vel non,* of whether the books, magazines, film and materials seized were obscene and whether they were lawfully seized and retained pending trial on the merits was scheduled for 24 May 1971. For the convenience of the defendants and at their request, the hearing was continued until 25 May 1971 when all parties were present with counsel, and the court heard and saw evidence offered by both parties, heard oral argument and considered briefs submitted by counsel. The formal hearing was then recessed to give Judge Clark an opportunity to examine the alleged obscene materials which had been seized. On 2 June 1971 the court made certain findings of fact including a finding that the court had jurisdiction of the parties and the subject matter and concluded as a matter of law:

"1. That the seizure of all the books, magazines, film and materials from the stores as indicated was proper, lawful and not unconstitutional.

2. That all items marked with an 'X' preceding the title or name on the attached inventory lists are obscene, and the dominant theme of such items taken as a whole appeals to prurient interest in sex of the average person, applying contemporary community standards, and is utterly without redeeming social values.

3. That the items marked with the word 'Return' following the title or name are not obscene."

The court ordered that the materials determined to be obscene "be securely held and retained by the City of Raleigh Police Department as evidence in the trial or trials of the defendants on the charge or charges of possession of obscene materials for the purpose of sale and pending final determination thereof" and that "the items above referred to and marked with 'Return' following the title or name shall be returned by said Department to the proper defendant operator or operators, either to the store from which taken or delivered to the operator or operators at the Municipal Building, as the defendant operators may elect."

All four defendants excepted to the order entered by the court on 2 June 1971 and appealed.

*Attorney General Morgan by Assistant Attorney General Denson for the State.*

*Smith and Patterson, by Norman B. Smith and Michael K. Curtis, for defendant appellants Joe Bryant, John Knoll and Don Childs.*

*Earl R. Purser for defendant appellant B. R. Queen.*

MORRIS, Judge.

From the outset it should be noted that the present prosecution was under North Carolina's old obscenity statutes G.S. 14-189 and G.S. 14-189.1 which were repealed by the General Assembly 1 July 1971 and replaced by G.S. 14-190.1, *et seq.* In *State v. McCluney,* 11 N.C. App. 11, 180 S.E. 2d 419 (1971), this Court held that G.S. 14-189.1 was free from constitutional defect.

[1] G.S. 15-180 provides that "In all cases of conviction in the superior court for any criminal offense, the defendant shall have the right to appeal." There has been no conviction in the present case. Therefore, the appeal is premature. The order entered at the conclusion of the preliminary adversary hearing to determine whether the materials seized were obscene and lawfully retained as evidence pending trial is not binding on the trial judge and is not appealable.

In this respect, the order entered in this case is analogous to and has the same effect as a ruling on a motion to suppress evidence. The materials found by Judge Clark to be obscene were retained as evidence to be used in the pending trial on the merits, and all other material was ordered returned to its owner. Just as a motion to change venue [*State v. Henry*, 1 N.C. App. 409, 161 S.E. 2d 622 (1968)], and a motion to dismiss charges [*State v. Black*, 7 N.C. App. 324, 172 S.E. 2d 217 (1970)] are interlocutory orders, a denial of a motion to suppress evidence is not a final judgment. See *State v. Fowler*, 3 N.C. App. 17, 164 S.E. 2d 14 (1968). G.S. 7A-27(d) makes no provision for an appeal as a matter of right from an interlocutory order in a criminal action. The United States Supreme Court in *DiBella v. United States*, 369 U.S. 121, 7 L. Ed. 2d 614, 82 S.Ct. 654 (1962), held that orders granting or denying pretrial motions to suppress the evidentiary use in a federal criminal trial of material allegedly procured through an unreasonable search and seizure are not appealable even if the motion is filed before the return of the indictment. The Court relied upon the dominant rule of criminal appellate practice that a judgment must be final before it may be appealed.

> "Orders granting or denying suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is then fairly in train. When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each such case the order on a suppression motion must be treated as 'but a step in the criminal case preliminary to the trial thereof.' *Cogen v. United States*, 278 U.S. 221, 227, 73 L. ed. 275, 282, 49 S.Ct. 118." 369 U.S. at 131.

[2]  In *Privette v. Privette*, 230 N.C. 52, 51 S.E. 2d 925 (1949), the North Carolina Supreme Court said:

> "As a general rule an appeal will not lie until there is a final determination of the whole case. (Citations omitted.) It lies from an interlocutory order only when it puts an end to the action or where it may destroy or impair or seriously imperil some substantial right of the appellant."

This rule was quoted with approval in *State v. Childs*, 265 N.C. 575, 144 S.E. 2d 653 (1965). The defendant appellants in this

case contend that the order entered affects substantial constitutional rights and thus may be appealed though interlocutory. Even if this appeal were not premature and it could be heard, we are of the opinion that the defendant appellants' constitutional rights under the First and Fourteenth Amendments to the United States Constitution were not violated by this adversary hearing. There was a seizure of a large number of allegedly obscene books incident to the arrest. The adversary hearing afforded the defendants their constitutional rights under the First and Fourteenth Amendments by preliminarily determining which materials were obscene and should be retained as evidence in the pending trial and which materials were not obscene and should be returned. It does not appear from the record that all the inventory from all three bookstores was seized; nor does it appear that any of the three bookstores closed as a result of the seizure of the materials, which might have effectively deprived the defendant appellants of substantial income. We conclude that defendant appellants' allegedly obscene property was seized in accordance with the due process clause of the Fourteenth Amendment. By the return of their property preliminarily found not to be obscene, the defendant appellants were left free to exercise their right to expression under the First Amendment.

Since the trial on the merits is still pending and inasmuch as we find this appeal premature, the court's interlocutory order does not put an end to the action. As noted in *State v. Childs,* *supra,* the interlocutory order does not "destroy or impair or seriously imperil any substantial right" of the defendant appellants since they have noted an exception to the entry of the order which may "be considered on appeal from a final judgment adverse to defendant, if there is one."

Appeal dismissed.

Judges BRITT and PARKER concur.