STATE OF NORTH CAROLINA v. JOHN ROBERT OLIVER

No. 7126SC746

(Filed 15 December 1971)

1. **Criminal Law § 166— exceptions and assignments of error — failure to properly number and set forth in brief**

Appeal is subject to dismissal where the exceptions and assignments of error are not set out in the brief and properly numbered with reference to the printed record as required by Court of Appeals Rule 28.

2. **Burglary and Unlawful Breakings § 4; Criminal Law § 33— breaking and entering — evidence that defendant had a gun in his car — relevancy**

In a prosecution for breaking and entering, evidence that defendant had a loaded shotgun with extra shells in the automobile in which he attempted to escape from the crime scene was properly admitted as a relevant circumstance tending to throw light upon the crime charged.

3. **Burglary and Unlawful Breakings § 5— breaking and entering — sufficiency of evidence**

The State's evidence was sufficient for the jury in this prosecution for feloniously breaking and entering a 7-11 Food Store.

APPEAL by defendant from *McLean, Judge,* 9 August 1971 Session of Superior Court held in MECKLENBURG County.

The defendant John Robert Oliver was charged in a bill of indictment, proper in form, with feloniously breaking and entering the 7/11 Food Center, 3309 South Boulevard, Charlotte, North Carolina, in violation of G.S. 14-54. Upon the defendant's plea of not guilty, the State offered evidence tending to show the following: At about 12:30 or 12:45 a.m., on 2 March 1971, Robert H. Hoppenjans and another officer from the Charlotte, North Carolina, Police Department saw the defendant leaning up against the door at the front of the 7/11 Food Center at 3309 South Boulevard, Charlotte, North Carolina. When the officers drove into the parking lot and around to where the defendant was standing, Oliver jumped into a Cadillac automobile and drove away at a high rate of speed. The officers pursued the defendant about 200 yards up the road to where the defendant abandoned his automobile and ran into some woods. The officers chased the defendant and found him hiding under a bush. The officers took the defendant back to the car where Officer Hoppenjans saw two crowbars on the back seat.

The defendant had left the motor of the Cadillac running and when the officer reached in to turn off the ignition, he saw a loaded shotgun and two shells lying under the front seat.

At about 7:00 a.m., on 2 March 1971, Paul Arrington, one of the owners of the 7/11 Food Center at 3309 South Boulevard, found that the side door to the store was unlocked and the padlock was lying on the floor. When Mr. Arrington inspected his store, he found that a safe which had been embedded in concrete was sitting on a stock cart near the unlocked side door. The safe and the block of concrete in which it sat had been moved approximately 25 feet from its original position. The handle and a piece of the hinge on the door of the safe had been broken and some holes were punched in the door. A broken piece of screwdriver was found wedged in the door of the safe.

Pieces of paint and bits of concrete and mortar dust on the crowbars found in the Cadillac automobile came from the safe and its concrete base located in the 7/11 store where the officers first saw the defendant. The defendant offered no evidence.

The jury found the defendant guilty as charged and from judgment of imprisonment of five years, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Plumides and Plumides by John G. Plumides for defendant appellant.*

HEDRICK, Judge.

[1]  The Attorney General suggests, and we agree, that defendant's counsel in the preparation of his brief and the record on appeal has failed to comply with the Rules of Practice in the Court of Appeals in that the exceptions and assignments of error are not set out in the brief and properly numbered with reference to the printed record as required by Rule 28. In addition, none of the exceptions noted in the record are numbered. Although the appeal is subject to dismissal for failure to comply with the Rules of Practice in the Court of Appeals, *State v. Black,* 7 N.C. App. 324, 172 S.E. 2d 217 (1970); *Williford v. Williford,* 10 N.C. App. 541, 179 S.E. 2d 118 (1971), we do not do so but consider the questions raised by the assignments of error.

[2] The defendant assigns as error the court's allowing the State to introduce into evidence the shotgun and shotgun shells found by Officer Hoppenjans in the defendant's automobile. The defendant contends that the evidence regarding the shotgun and the shotgun shells was irrelevant and of no probative value and tended only to excite prejudice in the minds of the jury against the defendant. We do not agree. "In criminal cases every circumstance that is calculated to throw light upon the supposed crime is relevant and admissible if competent." 2 Strong, N. C. Index 2d, Criminal Law, § 33, p. 531. All facts relevant to the proof of the defendant's having committed the offense with which he is charged may be shown by evidence, otherwise competent, even though that evidence necessarily indicates the commission by him of another offense. *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954) ; *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241 (1969) ; *State v. Engle,* 5 N.C. App. 101, 167 S.E. 2d 864 (1969). We think the testimony and exhibits that the defendant had a loaded shotgun with extra shells in the automobile in which he attempted to escape from the scene of the crime charged in the bill of indictment were properly allowed into evidence as a relevant circumstance tending to throw light upon the crime charged. This assignment of error is overruled.

[3] The defendant assigns as error the court's denial of his motion for judgment as of nonsuit made at the close of all the evidence. When the evidence is considered in the light most favorable to the State, and giving it the benefit of every reasonable inference to be deduced therefrom, we hold it is sufficient to require the submission of the case to the jury.

We find the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge GRAHAM concur.