Justice NEWBY dissenting.
The rule of law requires equal treatment to everyone similarly situated. Our appellate process assures uniform application of the law. Today the majority's decision deprives the parties to an expunction proceeding of a right to appeal, opening the door to inconsistent expungement decisions and depriving the trial bench of needed guidance. This case decides whether a party may appeal a trial court's final order from an ancillary expunction proceeding under N.C.G.S. § 15A-145.5. Contrary to the majority's conclusion, a straightforward application of N.C.G.S. § 7A-27, which outlines the right to appeal final judgments generally, affords either party a right to appellate review of an expunction decision. I respectfully dissent.
On 11 June 1987, petitioner pled guilty to felony indecent liberties under N.C.G.S. § 14-202.1, a Class H felony at the time, and received a three-year sentence, suspended subject to three years of supervised probation. The State dismissed a second charge of indecent liberties and a charge of incest. In June 2015, after the required statutory time had elapsed, petitioner petitioned the Superior Court, Onslow County to expunge all records of the conviction under N.C.G.S. § 15A-145.5, the statute that allows a person who has been previously convicted of certain felonies to file a petition for expunction of a conviction from the person's criminal record if certain conditions are met. See N.C.G.S. § 15A-145.5 (Supp. 2018). Petitioner alleged he met all of the stated statutory conditions. Given that N.C.G.S. § 15A-145.5 precludes certain classes of felonies from expunction, at trial the State questioned whether the statute allows the trial court to "look back" at the felony's classification at the time it was committed or whether the court should consider the felony's current classification.
Noting the State's objection, the trial court granted the petition entering an order of expunction on 8 August 2016. The trial court found the underlying offense was a Class H felony at the time of conviction, but was elevated to a Class F felony in 1993, and that the same offense would not qualify for expunction if committed after 1995. The trial court concluded as a matter of law that, "having considered the elements as they existed at the time of the offense and conviction,"
*286 "the [p]etitioner is entitled and does qualify for expunction in both petitions." The court thus ordered that all three offenses, including the two criminal charges the State dismissed, be removed from petitioner's record.
**212 The State appealed the expunction order only as to the conviction for indecent liberties.
On appeal the State raised a purely legal issue of whether the expunction statute allows the trial court to consider the felony's classification at the time of the offense as the trial court did here. For its appeal of right, the State relied on N.C.G.S. § 7A-27, which generally governs appeals of right from judgments of the superior court, including those "from which an appeal is authorized by statute." N.C.G.S. § 7A-27(b)(4) (2017). The Court of Appeals concluded that section 7A-27 did not authorize the appeal, applying N.C.G.S. § 15A-1445 instead because the expunction statute and N.C.G.S. § 15A-1445 are both part of Chapter 15A, the Criminal Procedure Act. State v. J.C. , --- N.C. App. ----, ----, 808 S.E.2d 154, 155 (2017). The Court of Appeals thus concluded that expunction proceedings are "part of a 'criminal proceeding,' and, therefore, N.C. Gen. Stat. § 15A-1445 -and not N.C. Gen. Stat. § 7A-27 -is the relevant statute in determining the State's right to appeal in this case." Id. at ----, 808 S.E.2d at 155. The court added that "[r]elief from errors committed in criminal trials and proceedings ... may be sought by ... [a]ppeal, as provided in Article 91," in which section 15A-1445 is codified. Id. at ----, 808 S.E.2d at 155 (alterations in original) (quoting N.C.G.S. § 15A-1401 (2015) ).
The court further opined that "because N.C. Gen. Stat. § 15A-1445 clearly does not include any reference to a right of the State to appeal from an order of expunction," "the General Assembly did not intend to bestow such a right at the time the statute was adopted." Id. at ----, 808 S.E.2d at 155. Ultimately concluding the State had no right to appeal under section 7A-27, the panel dismissed the State's appeal and, in its discretion, denied the State's associated petition for writ of certiorari. Id. at ----, 808 S.E.2d at 156. The majority of this Court agrees with the Court of Appeals' analysis.
"Judgments and orders of the Superior Court are divisible into these two classes: (1) Final judgments; and (2) interlocutory orders." Veazey v. City of Durham , 231 N.C. 357, 361, 57 S.E.2d 377, 381 (1950) (citing N.C.G.S. § 1-208 ). Unlike an interlocutory order, "[a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." Id. at 361-62, 57 S.E.2d at 381 (citations omitted). Because a final judgment disposes of the whole case, it is therefore "immediately appealable." N.C. State Highway Comm'n v. Nuckles , 271 N.C. 1, 13, 155 S.E.2d 772, 783 (1967) (citing 4 Am. Jur. 2d, Appeal and Error § 53 (1962)). Generally, final judgments from the trial court are subject to appellate review.
**213 Veazey , 231 N.C. at 362, 57 S.E.2d at 381 ("An appeal lies to the [appellate court] from a final judgment of the Superior Court.").
Section 7A-27, entitled "Appeals of right from the courts of the trial divisions," affords any party the right to appeal a final judgment directly to the Court of Appeals:
(1) From any final judgment of a superior court , other than one based on a plea of guilty or nolo contendere, including any final judgment entered upon review of a decision of an administrative agency, except for a final judgment entered upon review of a court martial under G.S. 127A-62.
N.C.G.S. § 7A-27(b)(1) (2017) (emphasis added). Thus, based on the plain language of N.C.G.S. § 7A-27, a party may appeal any final judgment of a superior court. See Veazey , 231 N.C. at 362, 57 S.E.2d at 381 ("[A]n appeal can be taken only from such judgments and orders as are designated by the statute regulating the right of appeal."). Indisputably, the expungement order is a final judgment. Notably, this statute includes criminal cases by implication, excluding the right to appeal criminal convictions based on guilty pleas.
The State's right to appeal may be statutorily limited to prevent double jeopardy issues in a criminal case. See State v. Elkerson , 304 N.C. 658, 669, 285 S.E.2d 784, 791 (1982) ("The right of the State to appeal in a criminal case is statutory, and statutes authorizing *287 an appeal by the State in criminal cases are strictly construed." (citing N.C.G.S. § 15A-1445 )); see also N.C.G.S. § 15A-1445 (2017) ("Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division ... a decision or judgment dismissing criminal charges as to one or more counts ... [or] the granting of a motion for a new trial on the ground of newly discovered or newly available evidence but only on questions of law" and may appeal to challenge the propriety of certain criminal sentences and punishments and grants of motions to suppress.).
Even though petitioner's underlying criminal conviction is relevant here, the State's appeal in the instant case arises from a motion in a later-in-time ancillary expunction proceeding, rather than a case involving a criminal conviction. See N.C.G.S. § 15A-145.5. Like other ancillary proceedings conducted under Chapters 14, 15, and 15A, the instant case is not a criminal appeal that triggers the statutory limitations put in place to prevent criminal double jeopardy. See, e.g. , In re Timberlake , --- N.C. App. ----, ----, 792 S.E.2d 525, 527 (2016) (noting that the State **214 "fail[ed] to appeal from the trial court's order" terminating the petitioner's sex offender registration requirement, "as allowed in N.C. Gen. Stat. § 7A-27"); State v. Singleton , 201 N.C. App. 620, 625, 689 S.E.2d 562, 565 (A satellite-based monitoring hearing "is not a 'criminal trial or proceeding' " under N.C.G.S. § 15A-1442 or N.C.G.S. § 15A-1444, and the Court of Appeals may consider appeals from SBM determinations.), disc. rev. improvidently allowed , 364 N.C. 418, 700 S.E.2d 226 (2010) (per curiam); id. at 626, 689 S.E.2d at 566 (recognizing the State's right to appeal under N.C.G.S. § 7A-27, noting that, "[f]or all practical purposes there is an unlimited right of appeal ... from any final judgment of the superior court or the district court in civil and criminal cases" (first alteration in original) (quoting State v. Black , 7 N.C. App. 324, 327, 172 S.E.2d 217, 219 (1970) (citing N.C.G.S. § 7A-27 ))). The issues listed in N.C.G.S. § 15A-1445(a) as appealable by the State are the types of issues that arise in traditional criminal trials, suggesting that the statute which the majority deems controlling may well not apply outside the context of a traditional criminal trial. Nonetheless, the majority classifies "an expunction [as] part of a criminal proceeding" because it arises from a "motion in the cause in the case wherein the petitioner was convicted," quoting N.C.G.S. § 15A-145.5, and then appears to simply assume that N.C.G.S. § 15A-1445(a) applies in the present context.
Like expunction petitions, however, motions relating to a defendant's obligation to register as a sex offender or enroll in SBM also arise from the underlying criminal case and yet, N.C.G.S. § 7A-27 affords the State an appeal in those cases. The majority's classification of this ancillary proceeding as "a criminal proceeding" would operate to bar the State's appeal in sex offender registry and SBM cases. Moreover, the majority's approach, in all probability, would likewise deny a petitioner seeking an expunction an appeal as of right even if the trial court denied his expunction petition as the result of a legal error.
The majority assumes that the placement of the expunction statutes in Chapter 15A suggests that expunction motions are governed by the criminal appeals statute; however, one would not expect to find appeal-related provisions in the substantive expunction statutes. Chapter 14 is entitled "Criminal Law" and, unlike Chapter 15A, contains the bulk of the statutory provisions dealing with substantive criminal offenses to be found in the General Statutes. The majority mistakenly relies on State v. Whitehurst , 212 N.C. 300, 193 S.E. 657 (1937), to support its conclusion when that case involved the construction of a substantive criminal statute relating to embezzlement rather than to ancillary proceedings such as expunction motions.
**215 Contrary to the majority's view that "the process for an expunction is straightforward and more ministerial than deliberative," a final expunction decision involves both legal analysis and an exercise of discretion. N.C.G.S. § 15A-145.5(c) (stating that, if the trial court finds the petitioner has satisfactorily met the statutory requirements, "it may order that such person be restored, in the *288 contemplation of the law, to the status the person occupied before such arrest" (emphasis added)). When the trial court exercises discretion, those decisions are reviewed for abuse of discretion; however, here the State raises a purely legal issue which appears to be one of first impression regarding the applicability of the expunction statute to various convictions. Furthermore, the cases cited by the majority in which appellate review occurred demonstrate the need for appellate guidance. In all cited cases, the trial court's decision was reversed. See State v. Frazier , 206 N.C. App. 306, 697 S.E.2d 467 (2010) (reversing the trial court's grant of expunction); In re Robinson , 172 N.C. App. 272, 615 S.E.2d 884 (2005) (same); In re Expungement for Spencer , 140 N.C. App. 776, 538 S.E.2d 236 (2000) (same); see also In re Expungement for Kearney , 174 N.C. App. 213, 620 S.E.2d 276 (2005) (reversing in part and affirming in part an order granting expunction). Appellate review brings consistency to expunction decisions.
This case in particular highlights the need for appellate review when the trial court grappled with an issue of statutory interpretation that appears to be one of first impression. Section 7A-27 provides the statutory authorization for such review. Therefore, I dissent.
Justices ERVIN and DAVIS join in this dissenting opinion.