**IN RE EXPUNGEMENT OF SPENCER**

[140 N.C. App. 776 (2000)]

---

IN THE MATTER OF EXPUNGEMENT FOR HEATHER RACHELLE SPENCER

No. COA99-1426

(Filed 5 December 2000)

**Criminal Law— expungement—age requirement**

The trial court erred by granting appellee's petition for expunction of her conviction when she was twenty-two years old for possession of one-half ounce or less of marijuana in violation of N.C.G.S. § 90-95(a), because N.C.G.S. § 90-96(e) requires that a person who seeks to have his or her record expunged must meet the age requirement of not being over twenty-one years of age at the time of the offense.

On writ of certiorari to review the order for expungement entered 9 February 1999 by Judge Edward H. McCormick in Lee County District Court. Heard in the Court of Appeals on 21 September 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General John J. Aldridge, III and Associate Attorney General Jeffrey C. Sugg, for the State.*

*Harrington, Ward, Gilleland & Winstead, LLP, by Eddie S. Winstead, III, for the appellee.*

WALKER, Judge.

On 8 September 1993, the appellee, Heather Rachelle Spencer (Ms. Spencer), pled guilty to the charge of possessing one-half ounce or less of marijuana, a controlled substance included within Schedule VI of the North Carolina Controlled Substance Act, in violation of

**IN RE EXPUNGEMENT OF SPENCER**

[140 N.C. App. 776 (2000)]

N.C. Gen. Stat. § 90-95(a) (1999). Ms. Spencer was 22 years of age at the time she committed the offense. Later, on 10 August 1998, Ms. Spencer filed a petition for expunction of her conviction, pursuant to N.C. Gen. Stat. § 90-96(e) (1999). The trial court granted her petition by order dated 9 February 1999. Upon receiving a copy of the order for expungement, Dalila Loran-Parker of the State Bureau of Investigation (SBI) requested clarification from the trial court regarding the order for expungement, since it was her understanding that "Ms. Spencer's age disqualifies her from obtaining relief under N.C.G.S. 90-96(e)." The trial court responded by way of correspondence, stating "the [s]tatute gives the court broad authority to expunge the records of *anyone* convicted of a misdemeanor possession of [a] controlled substance." (*emphasis added*). The Court of Appeals granted the State's writ of certiorari on 29 October 1999 to review the order for expungement. On appeal, the State argues that the trial court erred in granting Ms. Spencer's petition for expunction because she was over 21 years of age at the time she committed the offense. The State therefore argues that the trial court exceeded its statutory authority.

It is well settled in this State that a person may have his or her record of criminal charges or convictions expunged under certain circumstances. *See* N.C. Gen. Stat. § § 7B-3200 (1999); 15A-145-146 (1999); 90-96(b), (d) and (e) (1999); and 90-113.14(b), (d) and (e) (1999). We specifically address whether N.C. Gen. Stat. § 90-96(e), which provision is included within a statute entitled "Conditional discharge and expunction of records for first offense" is applicable to those persons who are over 21 years of age at the time the offense was committed. N.C. Gen. Stat. § 90-96.

The language of N.C. Gen. Stat. § 90-96(e) provides, in pertinent part:

> Whenever any person who has not previously been convicted of an offense under this Article or under any statute . . . *pleads guilty to or has been found guilty* of (i) a misdemeanor under this Article by possessing a controlled substance included within Schedules II through VI of this Article, or by possessing drug paraphernalia . . ., the court *may*, upon application of the person not sooner than 12 months after conviction, order cancellation of the judgment of conviction and expunction of the records of his arrest, indictment, or information, trial and conviction.

N.C. Gen. Stat. § 90-96(e) *(emphasis added)*. This statute then establishes the following procedures for obtaining an order for expungement:

> The judge to whom the petition [for expunction] is presented is authorized to call upon a probation officer for additional investigation or verification of the petitioner's conduct since conviction. If the court determines that the petitioner was ***convicted*** of (i) a misdemeanor under this Article for possessing a controlled substance included within Schedules II through VI of this Article, or for possessing drug paraphernalia . . ., or (ii) a felony under G.S. 90-95(a)(3) for possession of less than one gram of cocaine, that he was ***not over 21 years of age at the time of the offense***, that he has been of good behavior since his conviction, that he has successfully completed a drug education program approved for this purpose by the Department of Health and Human Services, and that he has not been convicted of a felony or misdemeanor other than a traffic violation under the laws of this State at any time prior to or since the conviction for the offense in question, it ***shall*** enter an order of expunction of the petitioner's court record.

*Id. (emphasis added)*.

Ms. Spencer correctly notes that this statute requires the trial court to expunge the record of a person not over age 21 if the required conditions are satisfied. However, she contends that the use of the word "may" in this statute allows the trial court to exercise its discretion in ordering an expungement when the offense was committed by a person over the age of 21.

To the contrary, the State contends that the legislature only intended to authorize the trial court to order expungement of the criminal record of a person not over 21 years of age at the time the offense was committed. The State further contends that N.C. Gen. Stat. § 90-96(e) lacks language granting the trial court's discretionary authority to order expungement regardless of the offender's age.

As to statutory interpretation, our Supreme Court has held "[w]hen the language of a statute is clear and unambiguous," there is no room for judicial construction and the courts must give it its plain meaning. *Utilities Comm. v. Edmisten, Atty. General*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977). However, "[w]hen a statute is ambigu-

ous or unclear in its meaning, resort must be had to judicial construction to ascertain the legislative will. *In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 389 (1978), *citing State v. Humphries*, 210 N.C. 406, 186 S.E. 473 (1936). In so doing, the court may interpolate a word, delete a word, or modify a word, when the legislative intent is clear and such construction is necessary to effectuate that intent. *Humphries*, 210 N.C. at 409-11, 186 S.E. at 476. Further, "[w]here a literal interpretation of the language of a statute would contravene the manifest purpose of the statute, the reason and purpose of the law will be given effect and the strict letter thereof disregarded." *In re Banks*, 295 N.C. at 240, 244 S.E.2d at 389. This is because "[w]here possible the language of a statute will be interpreted so as to avoid an absurd consequence . . . ." *Id.* (*citation omitted*). Accordingly, our Supreme Court has held that "[w]ords and phrases of a statute may not be interpreted out of context, but individual expressions 'must be construed as a part of the composite whole and must be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit.' " *In re Hardy*, 294 N.C. 90, 95-96, 240 S.E.2d 367, 371-72 (1978), *citing Watson Industries v. Shaw, Comr. of Revenue*, 235 N.C. 203, 210, 69 S.E.2d 505, 511 (1952).

Because the plain language of N.C. Gen. Stat. § 90-96 does not clearly indicate whether a trial court has discretion to grant an expungement to one who "pleads guilty or has been found guilty," we must determine the statute's legislative intent. *Edmisten*, 291 N.C. 451, 232 S.E.2d 184. We first look at the statute as a "composite whole" to avoid construing any of its words or phrases out of context. *In re Hardy*, 294 N.C. at 95-96, 240 S.E.2d at 371-72. In so doing, we note that the statute contains four separate provisions stating that a petitioner be "not over 21 years of age[.]" N.C. Gen. Stat. § 90-96(a)-(e). Since the requirement for an expungement of "not over 21 years of age" is woven throughout the statute as a whole, this proves a legislative intent to reserve expungement to those persons ages 21 and under. *Id.* In addition, the statute lacks specific language granting discretion to the trial court to order an expungement to a person over 21 years of age. *Id.*

Moreover, the legislature obviously determined there are more compelling reasons to permit a youthful offender to have his or her record expunged without extending this privilege to a person over the age of 21. We recognize there may be persons over the age of 21 at the time of the offense who are deserving and should likewise have

the ability to seek expungement; however, it is up to the legislature to broaden expungement to those over the age of 21.

Based on the foregoing, we hold that a person who seeks to have his or her record expunged must meet the age requirement of being "not over 21 years of age at the time of the offense." N.C. Gen. Stat. § 90-96(e).

Reversed.

Judges McGEE and HORTON concur.