**IN RE EXPUNGEMENT OF KEARNEY**

[174 N.C. App. 213 (2005)]

IN THE MATTER OF EXPUNGEMENT FOR GERALD WALKER KEARNEY, JR.

No. COA04-1396

(Filed 18 October 2005)

**Judges— retired judge—unfulfilled expungement order— authority of current judge**

A superior court judge had jurisdiction to rule upon the State's motion to reconsider an expungement order that was originally issued by a now retired judge. N.C.G.S. § 1A-1, Rule 63.

Appeal by the State from orders entered 15 March 1994 by Judge William H. Freeman and 7 May 2004 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 17 August 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Ashby T. Ray, for the State.*

*No brief filed for respondent-appellee.*

CALABRIA, Judge.

The State appeals Gerald Walker Kearney, Jr.'s ("respondent") 15 March 1994 expungement order and 7 May 2004 order denying reconsideration of the order for expungement.[1] We reverse in part, affirm in part, and remand.

Respondent was charged with assault and battery and misdemeanor assault inflicting serious injury on 18 March 1990. On May 18, 1990, defendant was convicted of misdemeanor assault inflicting serious injury and the charge of assault and battery was dismissed.

Judge William H. Freeman ("Judge Freeman") signed an order to expunge both offenses, the assault and battery as well as the assault inflicting serious bodily injury conviction. This order directed the State Bureau of Investigation ("SBI") to expunge from SBI records all references to the charges and arrest in the instant case. On 16 October 1995 the Assistant Director of the SBI sent a letter to the trial court seeking a clarification of the 15 March 1994 order since it was not in full compliance with N.C. Gen. Stat. § 15A-146 (2003). The letter explained that although respondent qualified for an expungement

---

1. State v. Gerald Walker Kearney, Jr. was the original caption on the order for expungement. The Forsyth County file numbers correspond with the numbers assigned to respondent's misdemeanor files.

IN RE EXPUNGEMENT OF KEARNEY

[174 N.C. App. 213 (2005)]

of the assault and battery charge, he did not qualify for expungement of the assault inflicting serious bodily injury charge. Nearly ten years passed from the date of the SBI letter with no response from the trial court and no action taken on the 15 March 1994 expungement order by the trial court.

On 16 March 2004 the State filed a motion to reconsider the order for expungement before Forsyth Superior Court Judge William Z. Wood, Jr. ("Judge Wood") because the author of the original expungement order, Judge Freeman, had retired.[2] Judge Wood denied the State's motion, finding the court had no jurisdiction over the matter. The State filed a petition *for writ of certiorari* in this Court to review Judge Wood's order as well as Judge Freeman's order since jurisdiction for entry of an amended order of expungement "lies with the Superior Court." This Court granted review of both orders.

The State argues that both charges should not have been expunged. Criminal charges may be expunged pursuant to N.C. Gen. Stat. § 15A-146 only when that charge has been dismissed or the individual charged was found not guilty. *See* N.C. Gen. Stat. § 15A-146(a) (2003) (explaining that "[i]f any person is charged with a crime, either a misdemeanor or a felony . . . and the *charge is dismissed*, or a *finding of not guilty* or not responsible is entered, that person may apply to the court . . . for an order to expunge from all official records any entries relating to his apprehension or trial.") (emphasis added). Since respondent was convicted of assault inflicting serious bodily injury at the same time his assault and battery charge was dismissed, he was eligible for expungement under § 15A-146 only for the assault and battery charge, and the original order should be amended to reflect an expungement only for the assault and battery.

Judge Wood, in denying the State's motion to reconsider the order for expungement, stated that the Superior Court lacked jurisdiction. However, N.C. R. Civ. P. 63, in pertinent part, states:

[i]f by reason of . . . retirement . . . a judge before whom an action has been tried or a hearing has been held is unable to perform the duties to be performed . . . after a . . . hearing is otherwise concluded, then those duties . . . may be performed: (1) In actions in the superior court by the judge senior in point of continuous service on the superior court regularly holding the courts of the district.

N.C. Gen. Stat. § 1A-1, Rule 63 (2003).

2. Judge Freeman presided as Resident Superior Court Judge from 1980 to 2000.

**IN RE EXPUNGEMENT OF KEARNEY**

[174 N.C. App. 213 (2005)]

Therefore, notwithstanding Judge Freeman's absence from the bench due to retirement, Judge Wood erred in denying the motion to reconsider Judge Freeman's expungement order for lack of jurisdiction because he is statutorily authorized to address the motion to reconsider the order for expungement and, in accordance with the dictates of N.C. Gen. Stat. § 15A-146(a), to amend Judge Freeman's 15 March 1994 order. We affirm that part of Judge Freeman's 15 March 1994 order granting expungement for the assault and battery charge and reverse that part of the order granting expungement for the assault inflicting serious bodily injury conviction with instructions for Judge Wood to amend accordingly.

Affirmed in part, reversed in part and remanded.

Judges ELMORE and GEER concur.