STATE OF NORTH CAROLINA v. WADE DWAYNE FRAZIER

No. COA10-19

(Filed 3 August 2010)

**Criminal Law— expungement—effective date of statute**

An order of expungement was reversed where the offense occurred well before the effective date of the expungement statute.

Appeal by the State from order entered 30 September 2009 by Judge John E. Nobles, Jr., in Craven County Superior Court. Heard in the Court of Appeals 24 May 2010.

*Attorney General Roy Cooper, by Assistant Attorney General E. Michael Heavner, for the State.*

*Chesnutt, Clemmons, Peacock & Long, P.A., by Steven N. Long, for defendant.*

ELMORE, Judge.

At issue is a 2009 order of expungement of Wade Dwayne Frazier's (defendant) 1998 charge of accessory after the fact to murder. We hold that the order of expungement was granted in error and reverse the order; the charge will remain on defendant's record.

On 16 February 1998, defendant, as a 16-year-old, pled guilty to the felony offense of accessory after the fact to murder. On 25 March 2009, defendant filed a petition pursuant to Session Law 2008-214. At the time defendant filed his petition, Session Law 2008-214 established that N.C. Gen. Stat. § 14-50.30(a) would read, in pertinent part:

> Whenever any person who has not yet attained the age of 18 years and has not previously been convicted of any felony or misdemeanor other than a traffic violation under the laws of the United States or the laws of this state or any other state, pleads guilty to or is guilty of (i) a Class H felony under this Article or (ii) an enhanced offense under G.S. 14-50.22, the person may file a petition in the court where the person was convicted for expunction of the offense from the person's criminal record.

2008 N.C. Sess. 2008-214, § 3. On the same date that the petition was filed, it was heard by the Honorable Russell J. Lanier in Craven County Superior Court, who entered an order to expunge defendant's criminal conviction, ruling that defendant met the required qualifications of N.C. Gen. Stat. 14-50.30(a). On 21 August 2009, defendant filed a motion to enforce Judge Lanier's order of expungement. On 24 August 2009, the State filed a motion to reconsider the order granting expungement.

On 16 September 2009, the Honorable John E. Nobles, Jr., heard both motions. He denied the State's motion to reconsider and granted defendant's motion to enforce Judge Lanier's order to expunge. He ordered the State Bureau of Investigation, Criminal Information and Identification Section, to comply with the 25 March 2009 order, which required the expungement of the charge from the records of the court and law enforcement agencies, including the State and Federal Bureaus of Investigation. The State filed a petition for Writ of Certiorari on 7 October 2009, which we granted.

The trial court erred by misapplying the expungement statute. The expungement statute in question is part of the North Carolina Street Gang Suppression Act, which codified Article 13A, and explicitly states that the "act becomes effective December 1, 2008, and applies to offenses committed on or after that date." 2008 N.C. Sess. 2008-214, § 6. As defendant's original offense date was 6 February 1995, the offense occurred well before 1 December 2008. Therefore,

there was no statutory basis for the trial court's granting defendant's petition for expungement.[1]

Because defendant's original charge of accessory after the fact to murder occurred before the effective date of N.C. Gen. Stat. § 14-50.30 as it existed at the time defendant petitioned for expungement, the Craven County Superior Court lacked statutory authority to expunge the charge from defendant's record. As such, we reverse the order to expunge, and we remand for further proceedings.

Reversed and remanded.

Chief Judge MARTIN and Judge BRYANT concur.

———————————

1. We note that the General Assembly later amended the North Carolina Street Gang Suppression Act, effective 1 December 2009, so that its provisions "appl[y] to *petitions* for expunctions filed on or after" 1 December 2009. 2009 N.C. Sess. 2009-577, § 11 (emphasis added).