McCULLOUGH, Judge.
 

 Wesley Marshall Timberlake ("petitioner") appeals from an amended order denying his petition to terminate sex offender registration. For the following reasons, we vacate the amended order.
 

 I.
 
 Background
 

 Petitioner was convicted of assault with intent to commit second-degree criminal sexual conduct in South Carolina on 16 November 1995. Upon his release from prison, petitioner moved to North Carolina and first registered as a sex offender on 2 March 2004.
 

 On 10 June 2014, petitioner filed a petition for termination of his sex offender registration in Franklin County. The matter first came on for hearing in Franklin County Superior Court before the Honorable R. Allen Baddour, Jr., on 6 October 2014. Defendant appeared
 
 pro se
 
 and presented affidavits in support of his petition. When the court inquired if the State would like to say anything, an Assistant District Attorney
 
 *526
 
 ("ADA") simply replied, "[n]othing from the State, Judge." The judge then informed petitioner that his motion would be allowed and entered an order terminating petitioner's sex offender registration. Among the findings in the order, the judge checked box seven, indicating "[t]he relief requested by the petitioner complies with the provisions of the federal Jacob Wetterling Act,
 
 42 U.S.C. § 14071
 
 , as amended, and any other federal standards applicable to the termination of a registration requirement...."
 

 On 16 October 2014, an Assistant Attorney General ("AAG") representing the North Carolina Division of Criminal Information ("DCI"), which is tasked with removing registered sex offenders from the State registry, wrote to the trial judge concerning the termination of petitioner's sex offender registration. The AAG explained that "[p]etitioner's conviction for assault with intent to commit second-degree criminal sexual conduct might be a tier III offense as defined by federal law[ ]" and "[t]ier III offenders must register for life." Thus, the AAG specifically requested that the court review finding number seven. The AAG further indicated that "[i]f [DCI did] not receive any response by 1 November 2014, DCI shall proceed with termination of the petitioner's registration as directed by the 6 October 2014 order."
 

 On 8 May 2015, the matter came back on for hearing before the Honorable R. Allen Baddour, Jr. At the hearing, an ADA, but not the same ADA that appeared at the initial hearing, reiterated the AAG's concerns and petitioner, again appearing
 
 pro se
 
 , expressed his frustration with the registration requirements. Upon hearing from both sides, the judge explained to petitioner that "it would not comply with federal law to allow you to come off the registry because of the nature of the offense for which you were convicted." The trial judge then entered an "Amended-Corrected" order denying petitioner's petition for termination of sex offender registration. The judge noted on the order that "[t]his order corrects a prior erroneous conclusion of law regarding compliance with the federal Jacob Wetterling Act."
 

 Defendant gave notice of appeal in open court and indicated he wanted an attorney assigned. The judge noted the appeal and appointed the Appellate Defender, who later assigned counsel on 4 June 2015.
 

 On 6 November 2015, petitioner's appellate counsel filed a petition for writ of certiorari noting petitioner's failure to file written notice of appeal and requesting that this Court review the matter despite the error. By a 23 March 2016 order, this Court granted certiorari.
 

 II.
 
 Discussion
 

 On appeal, petitioner argues the trial court erred in reconsidering the termination of his sex offender registration and in entering the amended order. In support of his argument, defendant asserts that (1) the State waived review by failing to appeal the initial order, (2) the doctrines of res judicata and collateral estoppel prohibit reconsideration of the matter, (3) the trial court lacked subject matter jurisdiction to conduct the 8 May 2015 hearing and to enter the amended order, and (4) the entry of the amended order violated his rights to procedural due process. Defendant's contentions raise issues of law, which this Court reviews
 
 de novo
 
 .
 

 Upon review, we agree that the trial court lacked jurisdiction to reconsider petitioner's request to terminate his registration requirement after the State did not oppose termination during the initial hearing and did not appeal the initial order.
 

 We begin our analysis with the pertinent law.
 
 N.C. Gen. Stat. § 14-208
 
 .12A concerns a registered sex offender's request for termination of a registration requirement and provides, in pertinent part, as follows:
 

 (a) Ten years from the date of initial county registration, a person required to register ... may petition the superior court to terminate the 30-year registration requirement if the person has not been convicted of a subsequent offense requiring registration....
 

 ....
 

 (a1) The court may grant the relief if:
 

 (1) The petitioner demonstrates to the court that he or she has not been arrested for any crime that would require registration under this Article since completing the sentence,
 

 (2) The requested relief complies with the provisions of the federal Jacob
 
 *527
 
 Wetterling Act, as amended, and any other federal standards applicable to the termination of a registration requirement or required to be met as a condition for the receipt of federal funds by the State, and
 

 (3) The court is otherwise satisfied that the petitioner is not a current or potential threat to public safety.
 

 (a2) The district attorney in the district in which the petition is filed shall be given notice of the petition at least three weeks before the hearing on the matter. The petitioner may present evidence in support of the petition and the district attorney may present evidence in opposition to the requested relief or may otherwise demonstrate the reasons why the petition should be denied.
 

 N.C. Gen. Stat. § 14-208
 
 .12A (2015).
 

 In the present case, it appears petitioner followed the statutory procedure to initiate the termination proceedings and demonstrated to the trial court's satisfaction during the 6 October 2014 hearing that he met the requirements to have his sex offender registration terminated. When the trial court inquired whether the State had anything to say in response to the petition, the ADA chose not to put on any evidence or argue in opposition to termination, simply stating, "[n]othing from the State, Judge."
 

 Petitioner now equates the State's failure to argue against the termination with consent to the termination of his sex offender registration and contends the State waived review by failing to exercise its statutory right to contest the petition and by failing to appeal. While we do not agree with petitioner's characterization of the State's failure to object as consent resulting in invited error, upon review of the record, it is clear to this Court that the State failed to take advantage of the statutorily prescribed processes for challenging the termination of petitioner's sex offender registration-both by failing to "present evidence in opposition to the requested relief or ... demonstrate the reasons why the petition should be denied[,]" as provided in
 
 N.C. Gen. Stat. § 14-208
 
 .12A(a2), and by failing to appeal from the trial court's order, as allowed in N.C. Gen. Stat. § 7A-27.
 

 As detailed above, the AAG instead wrote a letter to the trial judge asking him to review the termination of petitioner's sex offender registration. As petitioner points out, that letter failed to meet the requirements of a notice of appeal,
 
 see
 
 N.C. R. App. P. 3, or a motion for reconsideration pursuant to N.C. Gen. Stat. § 1A-1, Rules 59(a)(8) or 60(b).
 
 See
 

 Chicopee, Inc. v. Sims Metal Works, Inc.
 
 ,
 
 98 N.C.App. 423
 
 , 431,
 
 391 S.E.2d 211
 
 , 216 (1990) ( "Erroneous judgments may be corrected only by appeal, and a motion under [Rule 60 ] cannot be used as a substitute for appellate review."),
 
 Davis v. Davis
 
 ,
 
 360 N.C. 518
 
 , 522,
 
 631 S.E.2d 114
 
 , 118 (2006) ("In order to obtain relief under Rule 59(a)(8), a defendant must show a proper objection at trial to the alleged error of law giving rise to the Rule 59(a)(8) motion."). While it is likely the State was hesitant to appeal the termination order because appeals in similar termination of sex offender registration cases have been dismissed for failure of the State to preserve the issue by contesting termination below,
 
 see
 

 In re Hutchinson
 
 ,
 
 218 N.C.App. 443
 
 , 445-46,
 
 723 S.E.2d 131
 
 , 132-33,
 
 disc. rev. denied
 
 , --- N.C. ----,
 
 724 S.E.2d 910
 
 (2012),
 
 In re Bunch
 
 ,
 
 227 N.C.App. 258
 
 , 261-62,
 
 742 S.E.2d 596
 
 , 598-99,
 
 disc. rev. denied
 
 ,
 
 367 N.C. 224
 
 ,
 
 747 S.E.2d 541
 
 (2013), the State may not circumvent those holdings by seeking review by the trial court in a process not authorized by statute.
 

 The State argues the trial court's review of the termination of defendant's sex offender registration was appropriate in this case, likening it to expunction cases in which this Court has overruled the trial court's initial expunction of criminal records after the State's motions for reconsideration were denied by the trial court.
 
 See
 

 In re Expungement for Kearney
 
 ,
 
 174 N.C.App. 213
 
 ,
 
 620 S.E.2d 276
 
 (2005) (holding the trial court, notwithstanding the absence of the judge authoring the expungement order from the bench due to retirement, had jurisdiction to consider a motion for reconsideration of an order for expungement),
 
 State v. Frazier
 
 ,
 
 206 N.C.App. 306
 
 ,
 
 697 S.E.2d 467
 
 (2010) (holding the trial court erred in ordering expunction, but did not otherwise address whether the trial court properly considered the motion for reconsideration). The State contends that this Court impliedly determined in those
 
 *528
 
 cases that there were no jurisdictional limits which would preclude the trial court from reconsidering the prior expungement orders.
 

 While that may be the case in expungement cases, expungement is not directly analogous to termination of sex offender registration. Moreover, those cases are distinguishable from the present case in one key respect-in both
 
 Kearn
 

 e
 

 y
 
 and
 
 Frazier,
 
 the State filed motions for reconsideration. There was no such motion in the present case, but instead the extrajudicial letter from the AAG tasked with removing petitioner from the sex offender registry for the DCI to the trial judge requesting review. We hold such letter does not comply with the processes provided in our general statutes and did not vest the trial court with jurisdiction to review the termination order for errors of law.
 

 III.
 
 Conclusion
 

 For the reasons, discussed, we vacate the trial court's "Amended-Corrected" order entered 8 May 2015.
 

 VACATED.
 

 Judges ELMORE and INMAN concur.