IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-207

 Filed: 19 September 2017

Onslow County

COUNTY OF ONSLOW, STATE OF NORTH CAROLINA

 v.

J.C., Petitioner.

 Appeal by the State from order entered 8 August 2016 by Judge Mary Ann

Tally in Onslow County Superior Court. Heard in the Court of Appeals 24 August

2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General William P.
 Hart, Jr., for Appellant, the County of Onslow, State of North Carolina.

 Yoder Law PLLC, by Jason Christopher Yoder, for the Petitioner-Appellee.

 DILLON, Judge.

 The State appeals from an order of the trial court finding J.C. (“Petitioner”) to

be eligible for (1) an expunction of a criminal charge to which Petitioner pleaded

guilty in 1987 and (2) an expunction of the dismissal of a criminal charge dismissed

in exchange for Petitioner’s guilty plea to the other offense. The trial court granted

Petitioner’s petitions for expunction pursuant to N.C. Gen. Stat. § 15A-145.5 (2015)

and N.C. Gen. Stat. § 15A-146 (2015) and ordered that the offenses be removed from

Petitioner’s record.
 STATE V. J.C.

 Opinion of the Court

 We conclude that the State has no statutory right to appeal an order of

expunction, and we hereby grant Petitioner’s motion to dismiss the appeal.

 “[A]n appeal can be taken only from such judgments and orders as are

designated by the statute regulating the right of appeal.” Veazey v. City of Durham,

231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); see also State v. Harrell, 279 N.C. 464,

183 S.E.2d 638 (1971) (holding that in general, the State cannot appeal from a

judgment in favor of a defendant in a criminal proceeding in the absence of a statute

clearly conferring that right). As our Supreme Court has pointed out, the statute

“which permits an appeal by the State in a criminal case is contained in [N.C. Gen.

Stat. §] 15A-1445” and this statute is to be “strictly construed.” State v. Elkerson, 304

N.C. 658, 669-70, 285 S.E.2d 784, 791-92 (1982).

 Our Court has previously held that where the State fails to demonstrate its

right to appeal, “no appeal can be taken, and our Court is without jurisdiction over

the appeal.” State v. Bryan, 230 N.C. App. 324, 329, 749 S.E.2d 900, 904 (2013).

Here, because N.C. Gen. Stat. § 15A-1445 clearly does not include any reference to a

right of the State to appeal from an order of expunction, we are compelled to conclude

that the General Assembly did not intend to bestow such a right at the time the

statute was adopted. “It is for the legislative power, not for the courts, to consider

whether th[e] [statute] should [] be extended” to include such a right. Hodges v.

Lipscomb, 128 N.C. 57, 58, 38 S.E. 281, 282 (1901). And while we note that our court

 -2-
 STATE V. J.C.

 Opinion of the Court

has, on several occasions, reviewed expunctions, we have obtained jurisdiction to do

so pursuant to the granting of a petition submitted to our Court by the State for writ

of certiorari. See, e.g., State v. Frazier, 206 N.C. App. 306, 697 S.E.2d 467 (2010)

(granting the State’s petition for certiorari); see also In re Robinson, 172 N.C. App.

272, 615 S.E.2d 884 (2005); In re Expungement for Kearney, 174 N.C. App. 213, 620

S.E.2d 276 (2005); In re Expungement for Spencer, 140 N.C. App. 776, 538 S.E.2d 236

(2000).

 The State has not filed a petition for certiorari in this matter. Accordingly, the

State’s appeal is dismissed.

 DISMISSED.

 Judges HUNTER, JR., and ARROWOOD concur.

 -3-