DILLON, Judge.
The State appeals from an order of the trial court finding J.C. ("Petitioner") to be eligible for (1) an expunction of a criminal charge to which Petitioner pleaded guilty in 1987 and (2) an expunction of the dismissal of a criminal charge dismissed in exchange for Petitioner's guilty plea to the other offense. The trial court granted Petitioner's petitions for expunction pursuant to N.C. Gen. Stat. § 15A-145.5 (2015) and N.C. Gen. Stat. § 15A-146 (2015) and ordered that the offenses be removed from Petitioner's record.
We conclude that the State has no statutory right to appeal an order of expunction, and we hereby grant Petitioner's motion to dismiss the appeal.
"[A]n appeal can be taken only from such judgments and orders as are designated by the statute regulating the right of appeal." Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); see also State v. Harrell, 279 N.C. 464, 183 S.E.2d 638 (1971) (holding that in general, the State cannot appeal from a judgment in favor of a defendant in a criminal proceeding in the absence of a statute clearly conferring that right). As our Supreme Court has pointed out, the statute "which permits an appeal by the State in a criminal case is contained in [N.C. Gen. Stat. §] 15A-1445" and this statute is to be "strictly construed." State v. Elkerson, 304 N.C. 658, 669-70, 285 S.E.2d 784, 791-92 (1982).
Our Court has previously held that where the State fails to demonstrate its right to appeal, "no appeal can be taken, and our Court is without jurisdiction over the appeal." State v. Bryan, 230 N.C. App. 324, 329, 749 S.E.2d 900, 904 (2013). Here, because N.C. Gen. Stat. § 15A-1445 clearly does not include any reference to a right of the State to appeal from an order of expunction, we are compelled to conclude that the General Assembly did not intend to bestow such a right at the time the statute was adopted. "It is for the legislative power, not for the courts, to consider whether th[e] [statute] should [ ] be extended" to include such a right. Hodges v. Lipscomb, 128 N.C. 57, 58, 38 S.E. 281, 282 (1901). And while we note that our court has, on several occasions, reviewed expunctions, we have obtained jurisdiction to do so pursuant to the granting of a petition submitted to our Court by the State for writ of certiorari. See, e.g., State v. Frazier, 206 N.C. App. 306, 697 S.E.2d 467 (2010) (granting the State's petition for certiorari); see also In re Robinson, 172 N.C. App. 272, 615 S.E.2d 884 (2005); In re Expungement for Kearney, 174 N.C. App. 213, 620 S.E.2d 276 (2005); In re Expungement for Spencer, 140 N.C. App. 776, 538 S.E.2d 236 (2000).
The State has not filed a petition for certiorari in this matter. Accordingly, the State's appeal is dismissed.
DISMISSED.
Judges HUNTER, JR., and ARROWOOD concur.