DILLON, Judge.
*199 We filed the original opinion in this matter on 19 September 2017. We subsequently allowed the State's Petition for Rehearing on 11 October 2017 in order to clarify our original opinion. This opinion replaces the original opinion.
The State appeals from an order of the trial court finding J.C. ("Petitioner") to be eligible for (1) an expunction of a criminal charge to *200 which Petitioner pleaded guilty in 1987 and (2) an expunction of the dismissal of a criminal charge dismissed in exchange for Petitioner's guilty plea to the other offense. The trial court granted Petitioner's petitions for expunction pursuant to N.C. Gen. Stat. § 15A-145.5 (2015) and N.C. Gen. Stat. § 15A-146 (2015) and ordered that the offenses be removed from Petitioner's record.
On appeal, the State challenges only the portion of the trial court's order granting Petitioner's petition for expunction pursuant to N.C. Gen. Stat. § 15A-145.5, making no argument in its brief concerning the expunction pursuant to N.C. Gen. Stat. § 15A-146. We conclude that the State has no statutory right to appeal an order of expunction made pursuant to N.C. Gen. Stat. § 15A-145.5, and we hereby grant Petitioner's motion to dismiss the appeal.
"[A]n appeal can be taken only from such judgments and orders as are designated by the statute regulating the right of appeal." Veazey v. City of Durham , 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ; see also State v. Harrell , 279 N.C. 464, 183 S.E.2d 638 (1971) (holding that in general, the State cannot appeal from a judgment in favor of a defendant in a criminal proceeding in the absence of a statute clearly conferring that right).
Our Court has previously held that where the State fails to demonstrate its right to appeal, "no appeal can be taken, and our Court is without jurisdiction over the appeal." State v. Bryan , 230 N.C. App. 324, 329, 749 S.E.2d 900, 904 (2013). Here, the State argues that our Court has jurisdiction over this appeal pursuant to N.C. Gen. Stat. § 7A-27 (2015). However, we conclude that N.C. Gen. Stat. § 15A-1445 is the statute which determines our jurisdiction in this matter because the trial court's order of expunction pursuant to N.C. Gen. Stat. § 15A-145.5 is part of a criminal proceeding.
The Criminal Procedure Act is codified in Chapter 15A of our General Statutes. Our General Assembly has provided in that Act that "[r]elief from errors committed in criminal trials and proceedings ... may be sought by ... [a]ppeal, as provided in Article 91 [of the Act]." N.C. Gen. Stat. § 15A-1401 (2015). Article 91 of Chapter 15A contains N.C. Gen. Stat. § 15A-1445, which sets forth the circumstances where the State has the right to appellate review in criminal proceedings. See N.C. Gen. Stat. § 15A-1445 (2015).
We conclude that the trial court's order of expunction pursuant to N.C. Gen. Stat. § 15A-145.5 is part of a "criminal proceeding," and, therefore, N.C. Gen. Stat. § 15A-1445 -and not N.C. Gen. Stat. § 7A-27 -is *201 the relevant statute in determining the State's right to appeal in this case. Specifically, the General Assembly has chosen to include the expunction law as part of the Criminal Procedure Act, suggesting that it intended for expunction proceedings thereunder to be considered a "criminal proceeding." Further, the General Assembly has expressed in N.C. Gen. Stat. § 15A-145.5 that a petition filed thereunder "is a motion in the cause in the case wherein the petitioner was convicted." N.C. Gen. Stat. § 15A-145.5(c)(3).
Our Supreme Court has pointed out that the statute "which permits an appeal by the State in a criminal case is contained in [N.C. Gen. Stat. §] 15A-1445" and that this statute is to be "strictly construed." State v. Elkerson , 304 N.C. 658, 669-70, 285 S.E.2d 784, 791-92 (1982).
And because N.C. Gen. Stat. § 15A-1445 clearly does not include any reference to a right of the State to appeal from an order of expunction under N.C. Gen. Stat. § 15A-145.5, we are compelled to conclude that the General Assembly did not intend to bestow such a right at the time the statute was adopted. "It is for the legislative power, *156 not for the courts, to consider whether th[e] [statute] should [ ] be extended" to include such a right. Hodges v. Lipscomb , 128 N.C. 57, 58, 38 S.E. 281, 282 (1901). And while we note that our court has, on several occasions, reviewed expunctions, we have obtained jurisdiction to do so pursuant to the granting of a petition submitted to our Court by the State for writ of certiorari . See, e.g., State v. Frazier , 206 N.C. App. 306, 697 S.E.2d 467 (2010) (granting the State's petition for certiorari ); see also In re Robinson , 172 N.C. App. 272, 615 S.E.2d 884 (2005) ; In re Expungement for Kearney , 174 N.C. App. 213, 620 S.E.2d 276 (2005) ; In re Expungement for Spencer , 140 N.C. App. 776, 538 S.E.2d 236 (2000).
The State filed a petition for certiorari in this matter only after we filed our original opinion. We have reviewed that petition and, in our discretion, deny the petition. Accordingly, the State's appeal is dismissed.
DISMISSED.
Judges HUNTER, JR., and ARROWOOD concur.