IN THE SUPREME COURT OF NORTH CAROLINA

No. 405PA17

Filed 10 May 2019

STATE OF NORTH CAROLINA

v.

J.C.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 808 S.E.2d 154 (2017), dismissing the State's appeal from an order of expunction entered on 10 August 2016 by Judge Mary Ann Tally in Superior Court, Onslow County. Heard in the Supreme Court on 9 April 2019.

*Joshua H. Stein, Attorney General, by William P. Hart, Jr., Assistant Attorney General, and Adren L. Harris, Special Deputy Attorney General, for respondent-appellant.*

*Yoder Law PLLC, by Jason Christopher Yoder, for petitioner-appellee.*

EARLS, Justice.

The petitioner, J.C., was granted an expunction of arrest, trial, and conviction records from a prior conviction and from previously dismissed charges pursuant to N.C.G.S. §§ 15A-145.5 and 15A-146, respectively. The statute authorizing expunction of his dismissed charges was first enacted in 1979 "to provide for the expunction of arrest and trial records of youthful offenders when charges are dismissed or when there are findings of not guilty." *See* Act of Feb. 20, 1979, Ch. 61, 1979 N.C. Sess. Laws 34. At issue here is the proper application of the statute authorizing expunction

of his conviction, N.C.G.S. § 15A-145.5. This law was enacted in 2012 "to allow for expunction of nonviolent felonies or nonviolent misdemeanors after fifteen years for persons who have had no other convictions for felonies or misdemeanors other than traffic violations under the laws of the United States, this State, or any other jurisdiction, as recommended by the Legislative Research Commission." *See* Act of July 2, 2012, Ch. 191, 2011 N.C. Sess. Laws 901 (Reg. Sess. 2012).[1] The statute authorizes a court to order that a person "be restored, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information." N.C.G.S. § 15A-145.5(c) (Supp. 2018).

Previously the State has sought appellate review of expunction orders through petitions for writ of certiorari, which the Court of Appeals has allowed on several occasions. *See State v. Frazier*, 206 N.C. App. 306, 697 S.E.2d 467 (2010) (reversing grant of expunction when trial court erroneously applied statute to a conviction occurring before the effective date of the statute); *In re Expungement for Kearney*, 174 N.C. App. 213, 620 S.E.2d 276 (2005) (reversing order granting expunction of

---

[1] "In its 2012 report recommending the addition of a new expunction category for certain non-violent felonies and misdemeanors, which would later form the basis for the original section 145.5 expunction statute, the North Carolina General Assembly's Criminal Record Expunction Committee noted that '[e]xpunction is a process that can and should be used to give people who have committed minor crimes a clean slate and a fresh start, especially when a significant amount of time has passed without further trouble.'" Charles J. Johnson, *Automatic (Expunctions) for the People: For A Court-Initiated Expunction Right in North Carolina for Charges Not Resulting in Conviction*, 96 N.C. L. Rev. 573, 591 (2018) (alteration in original) (footnotes omitted).

conviction and affirming expunction of dismissed charge); *In re Robinson*, 172 N.C. App. 272, 615 S.E.2d 884 (2005) (reversing erroneous expunction of multiple, unrelated offenses occurring over a period of years); *In re Expungement for Spencer*, 140 N.C. App. 776, 538 S.E.2d 236 (2000) (reversing order granting expunction to defendant who was over the age of twenty-one at the time of the offense).

For the first time, in this case the State seeks to appeal as a matter of right the trial court's order granting J.C.'s expunction with respect to his conviction for the offense of indecent liberties with a child. The Court of Appeals dismissed the State's appeal, holding the State had no right to appeal the expunction order. The State filed a petition for discretionary review with this Court, as well as a petition for writ of certiorari. We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in dismissing the State's appeal from an order granting expunction under N.C.G.S. § 15A-145.5. Because we conclude that the State does not have a right of appeal in orders granting expunctions under N.C.G.S. § 15A-145.5, we affirm the Court of Appeals' decision.

### *Factual and Procedural Background*

On 11 June 1987, petitioner pleaded guilty in Superior Court, Onslow County to one count of indecent liberties which occurred on 24 May 1986. In exchange for J.C.'s guilty plea, the State dismissed a second indecent liberties charge, as well as an incest charge. The trial court sentenced J.C. to a three-year term, which was suspended for three years subject to supervised probation. On 11 June 2015, J.C.

filed a petition in Onslow County under N.C.G.S. § 15A-145.5 seeking expunction of the offense to which he pleaded guilty. J.C. also filed a petition seeking an expunction under N.C.G.S. §§ 15A-145(a) and 15A-146 regarding the two charges against him that were dismissed.

According to section 15A-145.5, a person who has been previously convicted of a "nonviolent felony" as defined in the statute may "file a petition, in the court of the county where [he] was convicted, for expunction of [the] . . . conviction from the person's criminal record if [he] has no other misdemeanor or felony convictions, other than a traffic violation." N.C.G.S. § 15A-145.5(c). The statute contains a number of conditions, including that the qualifying offense not have been:

> (1) A Class A through G felony . . . .
> (2) An offense that includes assault as an essential element of the offense.
> (3) An offense requiring registration pursuant to Article 27A of Chapter 14 of the General Statutes, whether or not the person is currently required to register.
> (4) Any of the following sex-related or stalking offenses: G.S. 14-27.25(b), 14-27.30(b), 14-190.7, 14-190.8, 14-190.9, 14-202, 14-208.11A, 14-208.18, 14-277.3, 14-277.3A, 14-321.1.
> . . . .
> (7) An offense under G.S. 14-401.16.
> . . . .
> (8) Any felony offense in which a commercial motor vehicle was used in the commission of the offense.

*Id.* § 15A-145.5(a)(1)-(8) (Supp. 2018). In the affidavit accompanying his petition, J.C. asserted that the felony for which he was convicted "[wa]s a Class H felony" which "did not include assault as an essential element of the offense" and "does not require

registration pursuant to Article 27A of Chapter 14." Petitioner averred that his conviction also did not fall under N.C.G.S. § 15A-145.5(a)(4), (a)(7), or (a)(8).

On 8 August 2016, Judge Mary Ann Tally granted both petitions for expunction pursuant to N.C.G.S §§ 15A-145.5 and 15A-146 and ordered that the offenses be removed from J.C.'s record. On 23 August 2016, Judge Tally entered both orders for expunction, after which the State appealed the order expunging J.C.'s conviction records to the Court of Appeals. On 19 September 2017, the Court of Appeals dismissed the State's appeal. *County of Onslow v. J.C.*, ___ N.C. App. ___, 805 S.E.2d 360 (2017). The court then allowed the State's petition for rehearing and on 7 November 2017, issued an opinion dismissing the State's appeal and denying the State's petition for writ of certiorari. *County of Onslow v. J.C.*, ___ N.C. App. ___, 808 S.E.2d 154, 155-56 (2017). On appeal, the State challenged only the order granting defendant an expunction for his conviction pursuant to N.C.G.S. § 15A-145.5 and made no argument regarding the expunction under N.C.G.S. § 15A-146. *Id.* at ___, 808 S.E.2d at 155. In its opinion the Court of Appeals unanimously concluded that the State had no statutory right to appeal the expunction order and that when the State fails to demonstrate its right to appeal, the appellate court lacks jurisdiction over the matter. *Id.* at ___, 808 S.E.2d at 155. On 27 November 2017, the State petitioned this Court for discretionary review and for writ of certiorari. This Court issued a special order allowing the State's request for discretionary review on 14 August 2018.

### *Analysis*

This case of first impression requires us to apply the plain language of the statutory framework established by the General Assembly for the expunction of certain criminal record information. Questions of statutory interpretation, like questions of law, are reviewed de novo. *In re D.S.*, 364 N.C. 184, 187, 694 S.E.2d 758, 760 (2010) (citation omitted). "As a general rule the prosecution cannot appeal or bring error proceedings from a judgment in favor of the defendant in a criminal case, in the absence of a statute clearly conferring that right." *State v. Harrell*, 279 N.C. 464, 466, 183 S.E.2d 638, 640 (1971) (quoting *State v. Vaughan*, 268 N.C. 105, 108, 150 S.E.2d 31, 33 (1966)).

The statute at issue here designates a petition for an expunction as "a motion in the cause in the case wherein the petitioner was convicted." N.C.G.S. § 15A-145.5(c)(3). Considering the statute's plain language, an expunction petition is part of the underlying criminal proceeding, making expunctions criminal matters. "The right of the State to appeal in a criminal case is statutory, and statutes authorizing an appeal by the State in criminal cases are strictly construed." *State v. Elkerson*, 304 N.C. 658, 669, 285 S.E.2d 784, 791 (1982) (citations omitted). This Court has recognized that "[t]he only statutory authority we find which permits an appeal by the State in a criminal case is contained in G.S. 15A-1445." *Id.* at 669, 285 S.E.2d at 791. In a criminal case the State may appeal only under the following circumstances:

> (1) When there has been a decision or judgment dismissing

criminal charges as to one or more counts.
(2) Upon the granting of a motion for a new trial on the ground of newly discovered or newly available evidence but only on questions of law.
(3) When the State alleges that the sentence imposed:
  a.  Results from an incorrect determination of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21;
  b.  Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level;
  c.  Contains a term of imprisonment that is for a during not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
  d.  Imposes an intermediate punishment pursuant to G.S. 15A-1340.13(g) based on findings of extraordinary mitigating circumstances that are not supported by evidence or are insufficient as a matter of law to support the dispositional deviation.
(b) The State may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979.

N.C.G.S. § 15A-1445 (2017). Because section 15A-1445 is to be strictly construed, any deviations from or additions to the orders or rulings appealable by the State must be authorized by the legislature, not the courts. *Elkerson*, 304 N.C. at 670, 285 S.E.2d at 792 ("If the State's right to appeal is to be enlarged, it must be done by the legislature."). It is not the province of the courts to rewrite statutes absent some constitutional defect or conflict with federal law. *See State ex rel. McCrory v. Berger*, 368 N.C. 633, 661, 781 S.E.2d 248, 266 (2016) (Newby, J., concurring in part and dissenting in part) ("When one branch interferes with another branch's performance

of its constitutional duties, it attempts to exercise a power reserved for the other branch."). Judicial restraint requires us to defer to the will of the General Assembly. *State v. Whitehurst*, 212 N.C. 300, 303, 193 S.E. 657, 659-60 (1937) ("Criminal statutes are not to be extended by implication or equitable construction to include those not within their terms, for the very obvious reason that the power of punishment is vested in the legislative and not in the judicial department. It is the General Assembly which is to define crimes and ordain their punishment.")

In this case our task is straightforward because "[w]hen the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 388-89 (1978). The statute governing the State's right to appeal, N.C.G.S. § 15A-1445, does not contain language allowing the State to appeal an expunction order. The statute governing defendant's expunction, N.C.G.S. § 15A-145.5, allows for the State to object to a petition for an expunction before the hearing takes place; however, the statute does not afford the State the right to appeal an expunction order.

The State contends that expunction hearings are civil proceedings, similar to hearings conducted to determine an individual's eligibility for satellite-based monitoring, and therefore, the State's right to appeal should be governed by N.C.G.S. § 7A-27, which generally allows any party an appeal of right to the Court of Appeals

from a final judgment of a superior court. N.C.G.S. § 7A-27(b)(1) (2017). Because the court's order granting petitioner an expunction of his criminal history record essentially disposed of the matter, the State argues it is a final order appealable under section 7A-27.

The legislature stated that a petition for an expunction "is a motion in the cause in the case wherein the petitioner was convicted." N.C.G.S. § 15A-145.5(c)(3). The plain effect of that provision is that an expunction order is one arising in a criminal proceeding. As further support for the proposition than an expunction is part of a criminal proceeding, it is significant that the legislature placed the expunction statute, N.C.G.S. § 15A-145.5, in the chapter addressing criminal procedure. Here again, as this Court has held consistently, clear statutory language must be given its plain meaning. *See, e.g.*, *State ex rel. Utilities Com. v. Edmisten*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977) (reversing the Utilities Commission's approval of a surcharge because it violated clear statutory language and thereby was unauthorized). An expunction proceeding is part of a criminal case.

Moreover, the State's contention that expunction proceedings are similar to satellite-based monitoring (SBM) proceedings is incorrect based on the plain language of the SBM statutes. This Court addressed SBM in *State v. Bowditch*, 364 N.C. 335, 342, 700 S.E.2d 1, 6 (2010), and determined that the legislature intended SBM to be "a nonpunitive, regulatory program." The Court looked to the legislature's purpose in placing SBM in the same chapter as the sex offender registration laws and

concluded that SBM was one part of a larger framework involving the sex offender registration program, stating that the "legislative objective [was] to make the SBM program one part of a broader regulatory means of confronting the unique 'threat to public safety posed by the recidivist tendencies of convicted sex offenders.' " *Id.* at 343, 700 S.E.2d at 7 (quoting *State v. Abshire*, 363 N.C. 322, 323, 677 S.E.2d 444, 446 (2009)). The expunction statutes are distinct from SBM statutes in that expunction provisions are located in Chapter 15A, the Criminal Procedure Act, and not in Chapter 14, which contains the SBM and sex offender registration statutes. Considering that a petition for an expunction "is a motion in the cause in the case wherein the petitioner was convicted," an expunction petition is one part of the broader criminal procedure applicable to offenders and consequently, is governed by N.C.G.S. § 15A-1445 and not N.C.G.S. § 7A-27. N.C.G.S. § 15A-145.5(c)(3).

It is also important to note that after the Court of Appeals issued its opinion in this case, the General Assembly amended section 15A-145.5 but did not include a right to appeal on the part of the State. *See* Act of June 27, 2017, Ch. 195, Sec. 1, 2017 N.C. Sess. Laws 1387, 1387-88. We can find good reasons to support the policy judgment made by the General Assembly to not give the State an absolute right to appeal any expunction order. Based on the statute, the process for an expunction is straightforward and more ministerial than deliberative. As long as the petitioner meets the relevant criteria, he may be granted an expunction. Unlike a trial where evidence is weighed, in an expunction proceeding a petitioner either meets the

criteria or does not. This approach is also reflected in recently introduced bills in the General Assembly that provide for the automatic expunction of certain records and remove the requirement for a hearing on the petition. *See* H. 132, 154th Gen. Assemb., Reg. Sess. (N.C. 2019); S. 82, 154th Gen. Assemb., Reg. Sess. (N.C. 2019). Nevertheless, whatever future changes to the process might be made, those are for the legislature to determine, not this Court.

Our decision today in no way forecloses the opportunity to correct errors of law that may occur at the trial court level. As it has done in the past, the State may seek review of an expunction order by writ of certiorari. Considering that the vast majority of expunction proceedings do not invoke the court's discretion when deciding whether to grant or deny such an order, an unjust outcome that would invoke certiorari review should rarely arise. Since N.C.G.S. § 15A-145.5 is "clear and unambiguous," we must "give effect to the plain and definite meaning of the language," *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 518, 597 S.E.2d 717, 722 (2004) (quoting *Fowler v. Valencourt*, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993)), which fails to give the State the right to appeal.

Although not binding on this Court, it is worth noting that other jurisdictions have followed the same reasoning as ours to conclude there was no statutory right to appeal an expunction order under their state statutes. *See, e.g.*, *Bell v. State*, 217 So.3d 962 (Ala. Crim. App. 2016) ("There is no provision in Chapter 27 of Title 15, 'Expungement,' for a direct appeal of the denial of a petition for expungement.").

Likewise, in *State v. Alder*, 92 S.W.3d 397, 401 (Tenn. 2002) the Tennessee Supreme Court stated: "Because of the plain and unambiguous language of Rules 3(b) and 3(c), we conclude that neither the State nor a criminal defendant has the authority to appeal as of right an unfavorable ruling concerning an expungement order under Rule 3." *Alder* was later superseded by statute to allow a defendant to appeal a final expunction order as of right. *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017) (citing N.C. R. App. P. 3(b)) (amended 2003).

### *Conclusion*

The legislature did not give the State the right to appeal an expunction order in N.C.G.S. § 15A-145.5 and did not amend section 15A-1445 to include this right. It is not the Court's role to now expand N.C.G.S. § 15A-145.5 to include this right, or to construe N.C.G.S. § 7A-27 as governing procedure in a criminal matter not clearly brought under that statute's provisions authorizing appeals of right from the trial courts. Therefore, the Court of Appeals' decision holding that the State does not have a right to appeal an order granting an expunction is affirmed.

AFFIRMED.

Justice NEWBY dissenting.

The rule of law requires equal treatment to everyone similarly situated. Our appellate process assures uniform application of the law. Today the majority's decision deprives the parties to an expunction proceeding of a right to appeal, opening the door to inconsistent expungement decisions and depriving the trial bench of needed guidance. This case decides whether a party may appeal a trial court's final order from an ancillary expunction proceeding under N.C.G.S. § 15A-145.5. Contrary to the majority's conclusion, a straightforward application of N.C.G.S. § 7A-27, which outlines the right to appeal final judgments generally, affords either party a right to appellate review of an expunction decision. I respectfully dissent.

On 11 June 1987, petitioner pled guilty to felony indecent liberties under N.C.G.S. § 14-202.1, a Class H felony at the time, and received a three-year sentence, suspended subject to three years of supervised probation. The State dismissed a second charge of indecent liberties and a charge of incest. In June 2015, after the required statutory time had elapsed, petitioner petitioned the Superior Court, Onslow County to expunge all records of the conviction under N.C.G.S. § 15A-145.5, the statute that allows a person who has been previously convicted of certain felonies to file a petition for expunction of a conviction from the person's criminal record if certain conditions are met. *See* N.C.G.S. § 15A-145.5 (Supp. 2018). Petitioner alleged

he met all of the stated statutory conditions. Given that N.C.G.S. § 15A-145.5 precludes certain classes of felonies from expunction, at trial the State questioned whether the statute allows the trial court to "look back" at the felony's classification at the time it was committed or whether the court should consider the felony's current classification.

Noting the State's objection, the trial court granted the petition entering an order of expunction on 8 August 2016. The trial court found the underlying offense was a Class H felony at the time of conviction, but was elevated to a Class F felony in 1993, and that the same offense would not qualify for expunction if committed after 1995. The trial court concluded as a matter of law that, "having considered the elements as they existed at the time of the offense and conviction," "the [p]etitioner is entitled and does qualify for expunction in both petitions." The court thus ordered that all three offenses, including the two criminal charges the State dismissed, be removed from petitioner's record. The State appealed the expunction order only as to the conviction for indecent liberties.

On appeal the State raised a purely legal issue of whether the expunction statute allows the trial court to consider the felony's classification at the time of the offense as the trial court did here. For its appeal of right, the State relied on N.C.G.S. § 7A-27, which generally governs appeals of right from judgments of the superior court, including those "from which an appeal is authorized by statute." N.C.G.S. § 7A-27(b)(4) (2017). The Court of Appeals concluded that section 7A-27 did not

authorize the appeal, applying N.C.G.S. § 15A-1445 instead because the expunction statute and N.C.G.S. § 15A-1445 are both part of Chapter 15A, the Criminal Procedure Act. *State v. J.C.*, ___ N.C. App. ___, ___, 808 S.E.2d 154, 155 (2017). The Court of Appeals thus concluded that expunction proceedings are "part of a 'criminal proceeding,' and, therefore, N.C. Gen. Stat. § 15A-1445—and not N.C. Gen. Stat. § 7A-27—is the relevant statute in determining the State's right to appeal in this case." *Id.* at ___, 808 S.E.2d at 155. The court added that "[r]elief from errors committed in criminal trials and proceedings . . . may be sought by . . . [a]ppeal, as provided in Article 91," in which section 15A-1445 is codified. *Id.* at ___, 808 S.E.2d at 155 (alterations in original) (quoting N.C.G.S. § 15A-1401 (2015)).

The court further opined that "because N.C. Gen. Stat. § 15A-1445 clearly does not include any reference to a right of the State to appeal from an order of expunction," "the General Assembly did not intend to bestow such a right at the time the statute was adopted." *Id.* at ___, 808 S.E.2d at 155. Ultimately concluding the State had no right to appeal under section 7A-27, the panel dismissed the State's appeal and, in its discretion, denied the State's associated petition for writ of certiorari. *Id.* at ___, 808 S.E.2d at 156. The majority of this Court agrees with the Court of Appeals' analysis.

"Judgments and orders of the Superior Court are divisible into these two classes: (1) Final judgments; and (2) interlocutory orders." *Veazey v. City of Durham*, 231 N.C. 357, 361, 57 S.E.2d 377, 381 (1950) (citing N.C.G.S. § 1-208). Unlike an

interlocutory order, "[a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Id.* at 361-62, 57 S.E.2d at 381 (citations omitted). Because a final judgment disposes of the whole case, it is therefore "immediately appealable." *N.C. State Highway Comm'n v. Nuckles*, 271 N.C. 1, 13, 155 S.E.2d 772, 783 (1967) (citing 4 Am. Jur. 2d, *Appeal and Error* § 53 (1962)). Generally, final judgments from the trial court are subject to appellate review. *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381 ("An appeal lies to the [appellate court] from a final judgment of the Superior Court.").

Section 7A-27, entitled "Appeals of right from the courts of the trial divisions," affords any party the right to appeal a final judgment directly to the Court of Appeals:

> (1) From *any final judgment of a superior court*, other than one based on a plea of guilty or nolo contendere, including any final judgment entered upon review of a decision of an administrative agency, except for a final judgment entered upon review of a court martial under G.S. 127A-62.

N.C.G.S. § 7A-27(b)(1) (2017) (emphasis added). Thus, based on the plain language of N.C.G.S. § 7A-27, a party may appeal any final judgment of a superior court. *See Veazey*, 231 N.C. at 362, 57 S.E.2d at 381 ("[A]n appeal can be taken only from such judgments and orders as are designated by the statute regulating the right of appeal."). Indisputably, the expungement order is a final judgment. Notably, this statute includes criminal cases by implication, excluding the right to appeal criminal convictions based on guilty pleas.

The State's right to appeal may be statutorily limited to prevent double

jeopardy issues in a criminal case. *See State v. Elkerson*, 304 N.C. 658, 669, 285 S.E.2d 784, 791 (1982) ("The right of the State to appeal in a criminal case is statutory, and statutes authorizing an appeal by the State in criminal cases are strictly construed." (citing N.C.G.S. § 15A-1445)); *see also* N.C.G.S. § 15A-1445 (2017) ("Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division . . . a decision or judgment dismissing criminal charges as to one or more counts . . . [or] the granting of a motion for a new trial on the ground of newly discovered or newly available evidence but only on questions of law" and may appeal to challenge the propriety of certain criminal sentences and punishments and grants of motions to suppress.).

Even though petitioner's underlying criminal conviction is relevant here, the State's appeal in the instant case arises from a motion in a later-in-time ancillary expunction proceeding, rather than a case involving a criminal conviction. *See* N.C.G.S. § 15A-145.5. Like other ancillary proceedings conducted under Chapters 14, 15, and 15A, the instant case is not a criminal appeal that triggers the statutory limitations put in place to prevent criminal double jeopardy. *See, e.g., In re Timberlake*, ___ N.C. App. ___, ___, 792 S.E.2d 525, 527 (2016) (noting that the State "fail[ed] to appeal from the trial court's order" terminating the petitioner's sex offender registration requirement, "as allowed in N.C. Gen. Stat. § 7A-27"); *State v. Singleton*, 201 N.C. App. 620, 625, 689 S.E.2d 562, 565 (A satellite-based monitoring hearing "is not a 'criminal trial or proceeding'" under N.C.G.S. § 15A-1442 or

N.C.G.S. § 15A-1444, and the Court of Appeals may consider appeals from SBM determinations.), *disc. rev. improvidently allowed*, 364 N.C. 418, 700 S.E.2d 226 (2010) (per curiam); *id.* at 626, 689 S.E.2d at 566 (recognizing the State's right to appeal under N.C.G.S. § 7A-27, noting that, "[f]or all practical purposes there is an unlimited right of appeal . . . from any final judgment of the superior court or the district court in civil and criminal cases" (first alteration in original) (quoting *State v. Black*, 7 N.C. App. 324, 327, 172 S.E.2d 217, 219 (1970) (citing N.C.G.S. § 7A-27))). The issues listed in N.C.G.S. § 15A-1445(a) as appealable by the State are the types of issues that arise in traditional criminal trials, suggesting that the statute which the majority deems controlling may well not apply outside the context of a traditional criminal trial. Nonetheless, the majority classifies "an expunction [as] part of a criminal proceeding" because it arises from a "motion in the cause in the case wherein the petitioner was convicted," quoting N.C.G.S. § 15A-145.5, and then appears to simply assume that N.C.G.S. § 15A-1445(a) applies in the present context.

Like expunction petitions, however, motions relating to a defendant's obligation to register as a sex offender or enroll in SBM also arise from the underlying criminal case and yet, N.C.G.S. § 7A-27 affords the State an appeal in those cases. The majority's classification of this ancillary proceeding as "a criminal proceeding" would operate to bar the State's appeal in sex offender registry and SBM cases. Moreover, the majority's approach, in all probability, would likewise deny a petitioner seeking an expunction an appeal as of right even if the trial court denied his

expunction petition as the result of a legal error.

The majority assumes that the placement of the expunction statutes in Chapter 15A suggests that expunction motions are governed by the criminal appeals statute; however, one would not expect to find appeal-related provisions in the substantive expunction statutes. Chapter 14 is entitled "Criminal Law" and, unlike Chapter 15A, contains the bulk of the statutory provisions dealing with substantive criminal offenses to be found in the General Statutes. The majority mistakenly relies on *State v. Whitehurst*, 212 N.C. 300, 193 S.E. 657 (1937), to support its conclusion when that case involved the construction of a substantive criminal statute relating to embezzlement rather than to ancillary proceedings such as expunction motions.

Contrary to the majority's view that "the process for an expunction is straightforward and more ministerial than deliberative," a final expunction decision involves both legal analysis and an exercise of discretion. N.C.G.S. § 15A-145.5(c) (stating that, if the trial court finds the petitioner has satisfactorily met the statutory requirements, "it *may* order that such person be restored, in the contemplation of the law, to the status the person occupied before such arrest" (emphasis added)). When the trial court exercises discretion, those decisions are reviewed for abuse of discretion; however, here the State raises a purely legal issue which appears to be one of first impression regarding the applicability of the expunction statute to various convictions. Furthermore, the cases cited by the majority in which appellate review occurred demonstrate the need for appellate guidance. In all cited cases, the trial

court's decision was reversed. *See State v. Frazier*, 206 N.C. App. 306, 697 S.E.2d 467 (2010) (reversing the trial court's grant of expunction); *In re Robinson*, 172 N.C. App. 272, 615 S.E.2d 884 (2005) (same); *In re Expungement for Spencer*, 140 N.C. App. 776, 538 S.E.2d 236 (2000) (same); *see also In re Expungement for Kearney*, 174 N.C. App. 213, 620 S.E.2d 276 (2005) (reversing in part and affirming in part an order granting expunction). Appellate review brings consistency to expunction decisions.

This case in particular highlights the need for appellate review when the trial court grappled with an issue of statutory interpretation that appears to be one of first impression. Section 7A-27 provides the statutory authorization for such review. Therefore, I dissent.

Justices ERVIN and DAVIS join in this dissenting opinion.